THE CLEVELAND & BUFFALO TRANSIT CO. v. RODERICK.

*Negligence — Boat deck used for dancing — Passenger injured in boarding boat — Error to exclude evidence, when — Non-occurrence of similar accidents.*

In an action to recover damages for injuries received in boarding a boat, on the ground of negligence in requiring passengers to pass over a deck which was waxed and polished for dancing purposes and not provided with a rubber mat or anti-slipping device, evidence of the non-occurrence of a similar accident is admissible for the purpose of showing defendant not guilty of negligence in not apprehending the accident, where the danger was not obvious.

(Decided January 16, 1918.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Goulder, White & Garry,* for plaintiff in error.

*Messrs. Payer, Winch, Rogers & Minshall,* for defendant in error.

HAMILTON, J. Defendant in error, Cora B. Roderick, recovered a judgment against the plaintiff in error, in the court below, for injuries alleged to have been caused by her slipping on the deck of a boat of plaintiff in error while she was a passenger thereon.

Defendant in error, who was plaintiff below, embarked as a passenger on the boat of plaintiff in error, who was defendant below, at Put in Bay, bound for Cleveland, Ohio. She entered the boat over a gangplank used as an entrance a part of the time only for the embarkation of passengers. This entrance was usually used at Put in Bay on ac-

count of the small dock making it difficult for
the boat to make the landing for any other entrance.
This entrance led over a part of the deck which
was used for dancing during the excursion season.
The boat in addition to being in the regular pas-
senger and freight service was also used as an
excursion boat during the summer months. The
injury occurred July 13, 1915.

The act of negligence as set forth in the peti-
tion is as follows:

"While boarding said The City of Erie at Put
in Bay for her return trip on the date last men-
tioned, the agents and servants of the defend-
ant operating and managing said boat, carelessly
and negligently required this plaintiff and other
intending passengers to board said boat at the
forward gangway; that in going aboard said boat
by said gangway, plaintiff was required to and
did step directly from the gangplank upon the
lower deck, which deck was slightly crowned and
very slippery; that said deck had been used for
dancing purposes and was then and there waxed,
smooth and polished, and unsafe and unsuitable
to step or walk upon, of which said conditions the
defendant had knowledge, or in the exercise of
reasonable care and prudence should have had
knowledge, and of which the plaintiff was ignorant,
and in the exercise of reasonable care and prudence
and under the circumstances could not have known
and did not have equal means of knowledge with
the defendant.

"Plaintiff further says that said defendant was
careless and negligent in not providing or placing
a rubber mat or other anti-slipping device upon

the floor of said deck and in requiring the plaintiff
to step and walk upon the said smooth, polished
and slippery floor of said deck, as hereinbefore
described, and was careless and negligent in not
stationing a guard or person at said gangway to
warn plaintiff and intending passengers of the
condition of said deck as hereinbefore described."

The answer admits that plaintiff was a passenger
on said boat and that she fell and sustained in-
juries, and further says:

"Defendant denies that it was careless or negli-
gent in any respect, and says that the floors or
decks of said steamer upon which the plaintiff was
walking were safe and sufficient; and defendant
says that the injury to plaintiff was either purely
accidental or else was caused by the negligence
and want of care of the plaintiff."

The assignments of error are, first, that the
verdict and judgment are not sustained by the evi-
dence, and are against the weight of the evidence;
and, second, that there was error by the court
below in excluding evidence offered by the defend-
ant to show (*a*) the non-occurrence of a similar
accident, and (*b*) the number of passengers car-
ried both before and after the accident.

As to the first assignment of error we shall con-
tent ourselves by saying that a careful examina-
tion of the evidence fails to convince the court
that the verdict and judgment are manifestly
against the weight of the evidence. We will not
disturb the judgment on that ground.

Neither do we think the exclusion of evidence as
to the number of passengers carried during sea-
sons other than that of 1915, in which season the

happening of the injury occurred, to be erroneous, as the evidence discloses that the deck complained of as being negligently slippery was newly prepared by treatment for the excursion season of 1915, and may have been in a somewhat different condition from that of other years. Further, the trial court permitted evidence as to the number of passengers carried during the season of 1915 up to the time of the accident, and the number so carried was 18,397. This is certainly sufficient on which to base evidence to show the non-occurrence of a similar accident, which was the only purpose for which the testimony could have been properly introduced. We think the trial court in its discretion permitted the defendant to go far enough into this question.

The remaining question is: Did the trial court err in excluding evidence of the non-occurrence of a similar accident? This question is not without difficulty. If admissible it must be for the purpose of showing lack of notice to the defendant of any negligent defect in the condition of the boat deck, and as bearing upon the question of the actual condition of the deck. The evidence sought to be introduced by the defendant company respecting the non-occurrence of similar accidents is as follows:

(Asked of Captain Pickell, the master of the steamer.)

"Q. You may state whether you had any accident on board the boat before by anybody falling."

(Asked of the purser, Mr. Groat.)

"Q. Did you ever know or hear of any accident from any person falling or slipping on this deck?"

(Asked of Mr. Newman, the manager of the line.)

"Q. From your knowledge of this boat, and the boats of your line, and the other boats in a similar business, and of similar boats, you may state whether or not you have known, or have heard of an accident by slipping on the floor, prior to the date of this accident."

On page 289 of the record, at the request of counsel for the defendant boat company, the court said:

"The record may show that the question, 'You may state whether you had any accident on board the boat before by anybody falling,' was put to each witness from the steamer called by the defendant company, to which question the plaintiff each time objected, which objection was each time sustained by the court, to which ruling of the court the defendant company each time excepted, and each time offered to prove that the witness never had."

Exceptions were properly reserved to the refusal of the court to permit the questions to be answered by the preceding witnesses.

The law is well settled that evidence of the occurrence of similar accidents is admissible to bring home notice and to show a defective condition. As to the converse of this proposition the authorities are not uniform. We have examined all the authorities cited, as well as many others, and have arrived at the opinion that the great weight of authority is to the effect that in a proper case, where the danger was not *obvious,* non-occurrence of a similar accident may be shown for

the purpose of showing defendant not guilty of negligence in not apprehending the accident.

In the case of *C., A. & C. Rd. Co.* v. *Anderson,* 21 C. C., 288, the second paragraph of the syllabus is as follows:

"In an action to recover damages from a common carrier of passengers, for injuries received in alighting from a train at a station, on the ground of negligence in not providing reasonably safe accommodations, it is error, where the danger was not obvious, to exclude testimony that in the use for a long time in the same condition no similar accident had happened."

And on page 299 of the same case the court in its opinion says:

"The question here is whether the carrier had fulfilled his duty to provide reasonably safe accommodations, that is, whether in that respect he had exercised that prudence and foresight that a man of ordinary prudence would have exercised under similar circumstances, and in determining that question, the danger not being obvious, what stronger evidence could be offered that he was not guilty of negligence in not apprehending such an accident, than evidence that in daily use during a long period of time under like conditions no similar accident had happened?"

This we think upon reason and authority properly states the law. It must be conceded, that, if the deck was not *obviously* so slippery as to be dangerous for a careful and prudent person to walk upon, under the rule above stated evidence as to non-occurrence of any similar accident under like conditions was admissible. It is not argued,

nor could it be successfully claimed that this was a case of *res ipsa loquitur.* It was therefore incumbent upon the plaintiff below to show by a preponderance of the evidence that the allegations of the slippery condition of the deck to the extent that it was negligently dangerous 'were true, and that the defendant had or should have had notice of that fact. The fact that the deck in question had been specially prepared for dancing by cleaning and waxing, or with cornmeal, does not *ipso facto* make the deck obviously slippery to the extent that it would be negligently dangerous for a careful and prudent person to walk on. It may be said to be a matter of common knowledge that floors so treated may still be entirely safe to walk upon. All smooth surfaces are not *obviously* slippery and dangerous. Experience is the only test of such a condition. It may be said that as a matter of common knowledge ice is a slippery substance, yet it will not be contended but that it may be in such condition as to permit walking upon with safety.

In the case of *Calkins* v. *City of Hartford,* 33 Conn., 57, it is held that evidence that others safely passed over ice on a sidewalk when the ice was in the same condition as when plaintiff received her injuries is admissible to show that it was not dangerous to one using ordinary care.

The best proof as to whether or not the deck was slippery to a degree of being obviously dangerous is whether or not persons using the same did or did not slip upon it. The place where plaintiff fell was passed over daily by hundreds if not thousands of persons while the deck was in like

condition, and certainly their experience would be relevant and material evidence of the condition of the deck, and, as we believe, the best evidence obtainable.

Counsel for defendant in error raised the question that the witnesses were not qualified to testify as to non-occurrence, for the reason that there was no showing that they were always present on this dance deck. Among the witnesses who were interrogated upon this question was the captain, whose duties would require him to be constantly alert, and on different parts of the boat, and who would have a good opportunity to note the happenings on any part thereof; likewise the purser, who had been on the boat many seasons and would be in a position to know of or hear of such happenings. In addition to these were the manager of the boat and the members of the crew, all of whom were necessarily constantly on duty during the hours of service.

Under the circumstances this evidence may not be conclusive, yet the opportunities of these officers to know of such happenings or to hear of the same would make them qualified to testify and their testimony proper to be weighed by the jury in the light of their opportunities of knowing or hearing. And we think they were qualified to give such testimony that the jury might give it such weight as they saw fit.

On the whole, we are of the opinion that it was proper for the boat company to put in evidence testimony as to the non-occurrence of a similar accident, and that the court in excluding it from

the jury committed prejudicial error. We find no other error in the record.

For the error above cited the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

JONES, P. J., and GORMAN, J., concur.

Judges of the First Appellate District, sitting in place of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.