THE HALLE BROTHERS CO. *v.* RALLS.

*Negligence—Customer injured by falling upon slippery vestibule entrance to store—Snow, ice and slush tracked upon floor caused accident—Evidence of similar condition several days before accident, inadmissible.*

Snow and ice from the street tracked into and melting in a heated vestibule which forms ' the entrance to a retail store present a very temporary condition, and evidence tending to show that snow, ice and slush were in such vestibule several days previous to the day complained of is incompetent, as such evidence affords no basis for a logical inference that such condition continued in the vestibule for several days thereafter, and furnishes no evidence of negligence at the time of the accident.

(Decided February 16, 1924.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. J. R. Kistner,* for plaintiff in error.
*Mr. Charles T. Rich,* for defendant in error.

CHITTENDEN, J. An action was brought in the court of common pleas by Ellen Ralls against the defendant, the Halle Brothers Company, to recover

---

Evidence, 23 C. J. § 1966; Negligence, 29 Cyc. p. 614.

damages because of injuries sustained by the plaintiff in a fall which she charges was due to the negligence of the defendant. The parties will be referred to as they stood in the court below.

In substance, the plaintiff alleges in her petition that on the 14th day of January, 1922, she was entering the department store of the defendant from Euclid avenue through what is designated as the west entrance, and that immediately upon stepping through the door into the vestibule she suddenly and without warning was caused to fall with great force and violence to the floor of the vestibule by reason of the fact that the floor had become slippery and slushy, due to accumulated snow and slush, and because of the fact that the rug or carpet upon which she stepped, being insecurely fastened, tripped her and caused her to slip and fall. She alleges negligence on the part of the defendant in failing to warn customers of the dangerous condition of the entrance; in failing to have a suitable rug or carpet in the vestibule; and in failing to keep the floor of its entrance or vestibule free from an accumulation of slush and snow. She alleges that she sustained serious bodily injuries as a result of the fall, and asked judgment against the defendant in the sum of $50,000.

The defendant denied that the plaintiff was damaged or injured in the manner and to the extent alleged in her petition, denied all allegations of negligence contained in the petition, and generally denied all the allegations except certain matters that are specifically admitted in the answer. The trial of the case resulted in a verdict and judgment

in favor of the plaintiff in the sum of $7,500. A judgment of reversal is sought in this court on the ground that the court erred in the admission of evidence; that the damage awarded is excessive, appearing to have been given under the influence of passion and prejudice; and on the ground that the verdict is not sustained by the evidence.

We have read the evidence contained in the bill of exceptions and it is there disclosed that the plaintiff received a fracture of the left femur, as a result of which she was confined to her bed in the hospital and at home for many weeks, and that for a number of months she was unable to get about except by the assistance of crutches and canes. At the time of the trial she was using only one cane. The evidence fairly discloses that she was subjected to a severe nervous shock. Indeed the evidence discloses a serious injury, and we are unable to say that the verdict and judgment in the amount named are excessive.

The court permitted Miss Milliken, a sister of the plaintiff, to testify as to the condition of this same vestibule, as she observed it on several days between the first day of January, 1922, and the fourteenth day of January, 1922, the day of the accident to the plaintiff. She stated that on these days she found the place slushy, by which she says she meant that it was wet from snow and mud. She also said, in answer to a question asking her to describe the condition during the time stated: "I would call it slippery." Later, in the course of her examination in chief, she was asked the following question and gave the following answer:

"Q. Please describe, Miss Milliken, what you

have observed on the various times that you have entered the vestibule entrance of Halle's store, off of Euclid, with reference to the rug and all surroundings, and so forth.

"A. Well, when the weather was fine and everything was all right outdoors, why, I found the vestibule in good condition. When it was not, why I found it slushy and slippery (Mr. Kistner: I object) found the vestibule that way."

A motion of the defendant to strike out this answer was overruled and exceptions saved. It is insisted that this evidence of Miss Milliken as to the condition of the vestibule at times prior to the accident was incompetent, and that its admission constituted prejudicial error. Counsel for Mrs. Ralls cites many cases in which the courts have held that evidence of former accidents, and evidence of former conditions of machinery, structures, walks and streets, is competent, and insists that the ruling of the trial court is fully sustained by these authorities.

An authoritative case upon the admissibility of such evidence is that of *Brewing Co.* v. *Bauer,* 50 Ohio St., 560. In that case the court sustained the admission of evidence tending to show that on occasions previous to the happening of the accident, the hoisting machinery complained of had operated in the same manner that it did at the time the plaintiff in that case was injured. In the opinion Judge Minshall states, at page 564:

"The only question in the case is as to the admissibility of the evidence offered to show that on former occasions, when the elevator was being operated, barrels and packages fell back and injured the person operating it, as in this case."

After examining the authorities bearing upon the question, the court reached the conclusion, as stated in the syllabus, that in an action by an employe to recover damages resulting from an injury received in operating a machine, caused by its defective construction, the defect being charged to the negligence of the employer, it is competent to prove that on a former occasion the machine worked in a manner similar to when the plaintiff was injured. The court, however, limited the effect of such evidence and held that such evidence is only competent to prove the defective character of the machine and the employer's knowledge of that fact. The court held further that such evidence is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured, and announced as a rule of practice that the jury should be so instructed at the time the evidence is received.

In the case cited one of the issues was as to the defective construction of a machine. There is a logical inference arising from the fact that on a former occasion the machine operated in an erratic manner similar to the way it operated at the time of the accident under inquiry, it having been shown that there had been no change made in the machine in the interim.

The Circuit Court of Lucas county, in *Chamber of Commerce Building Co.* v. *Klussman*, 2 C. C. (N. S.), 83, held that evidence tending to show that the door upon an elevator shaft had on previous occasions behaved in the same way as it did at the time of the accident complained of was competent as tending to show a previous continuous defective

condition and knowledge of that fact by the defendant. The court in this case, as in *Brewing Company* v. *Bauer,* had under consideration an alleged defect in a substantial structure. In the case of *Cleveland & Buffalo Transit Co.* v. *Roderick,* 10 Ohio App., 119, evidence was held to be competent which showed the non-occurrence of a similar accident, where the action was brought to recover damages for slipping and falling upon a steamer deck which was waxed and polished for dancing purposes, and which was not provided with a rubber mat or other anti-slipping device. There are many cases in which the same doctrine has been applied to actions involving the defective character of sidewalks, streets and highways.

It is now sought to apply this doctrine to the conditions alleged to have existed in the west vestibule of the Halle store. The evidence discloses without dispute that the vestibule is heated by radiators; that the floor of the vestibule is marble; that in stormy weather two mats are placed upon the vestibule floor, each measuring four by six feet. These mats, containing oblong perforations, are made from some composition reinforced by metal rods, have a bevelled metal binder about the edges, and weigh fifty-seven pounds each.

The plaintiff claims that on the 14th of January, snow, slush and ice had accumulated upon one of these mats and that by reason of that condition her right foot slipped after she had taken two steps upon the mat, that her left foot caught upon the mat and threw her to the floor. Two questions of fact are in dispute: first, whether there was at the time of the plaintiff's accident a defective condi-

tion of the entrance due to the accumulation of snow and ice; and, second, if so, whether the defendant had knowledge of such condition. The condition complained of is not that of a structural defect in the building. It is only of a defect arising from the existence of snow upon the street which is said to have been tracked into the vestibule. It is common knowledge that snow and ice are but temporary conditions, and that when brought under thawing temperature are very temporary indeed. In a great department store such as that of the defendant, ordinary care would require a prompt discovery of any dangerous or defective condition in the entrance to the store.

Plaintiff, by the witness Miss Milliken, sought to show that on several days prior to the accident Miss Milliken had found snow and slush and ice in the vestibule. The extremely temporary character of such obstruction to passage in the heated vestibule is such that it could afford no basis for an inference that such condition continued in the vestibule for several days thereafter. The only purpose for which such evidence could be competent, under the rule announced in *Brewing Company* v. *Bauer, supra,* is to prove a continuous defective condition and knowledge on the part of the defendant. It seems entirely evident that testimony that snow and slush were found in a heated vestibule several days before the time of the accident does not furnish the slightest basis for an inference that the same condition existed on the 14th of January, 1922. It is not intended to assert that the plaintiff contends for any such inference, but the cases cited and relied on in her

behalf are only authoritative when there is such logical inference to be drawn from evidence of prior conditions or prior accidents.

The Supreme Court, in *Brewing Company* v. *Bauer,* said that evidence of prior accidents is not competent to prove actionable negligence on the part of the defendant at the time the plaintiff was injured, and the testimony of Miss Milliken could be used for no other purpose than to claim that it tended to establish negligence on the part of the defendant at the time the plaintiff was injured. Snow and ice are known to be slippery and no additional knowledge is furnished by showing that an accumulation of snow and ice on former occasions caused a slippery condition. If the claim of plaintiff is only that the melting snow tracked into the vestibule made such vestibule wet, and therefore slippery, then the evidence of Miss Milliken was not competent, for such evidence does not tend to show a defective condition at the time testified to by her, and much less would it be competent evidence of a defective condition on January 14, 1922, the date of the accident. It is not practicable, in the exercise of ordinary care, to keep a heated vestibule entrance to a large department store dry under such weather conditions.

The rule announced in the cases above cited, and in many other cases, seems to be a salutary rule, when applied to defects in substantial structures, such as buildings, machines, sidewalks and streets, where there is a condition of permanence. We think those cases are so different in their facts from the case at bar, where the defect claimed is the existence of a very temporary condition, as to

make those cases inapplicable. We are of the opinion that the evidence was not competent and should have been excluded, and that the admission of the evidence constituted prejudicial error.

One of the defects alleged is that the mats or rugs were not fastened so as to prevent their slipping. We do not find that there is any evidence which sustains this claim. The character of the mats and their weight have been described, and Mrs. Ralls at most only says that it seemed to her that as she was falling the rug slipped; but she declined to definitely state that the rug or mat had slipped.

We have given careful examination to the record in this case and can reach only one conclusion concerning the weight of the evidence, and that is that the verdict and judgment are manifestly against the weight of the evidence. The accident to the plaintiff was serious and most regrettable, but we are unable to find that the evidence supports the claim that it was due to any negligence on the part of the defendant.

For the reasons stated the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

KINKADE and RICHARDS, JJ., concur.

Judges of the Sixth Appellate District, sitting in place of Judges SULLIVAN, LEVINE and VICKERY, of the Eighth Appellate District.