MILDRED SANDLER, BY NEXT FRIEND, ET AL., PLAINTIFFS-APPELLEES, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted January term, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Edward A. Markley*.

For the appellees, *Fredman & Fredman*.

PER CURIAM.

The plaintiff below, Mildred Sandler, a young woman of twenty years of age, was injured at the Journal Square sta-

tion, Jersey City, of the defendant-appellant as she was about to board an uptown New York train on September 28th, 1928, at about eight-ten A. M. She has a judgment for $1,300 and her father, the other plaintiff below, for $50, as a result of verdicts of a jury in the trial of an action for damages resulting from the alleged negligence of the appellant.

The defendant below appeals and seeks a reversal of such judgments upon fifteen grounds argued under eleven heads or points.

1. The first ground is that the trial court erred in refusing to direct a verdict in favor of the appellant.

This is urged upon authority of *Miller* v. *West Jersey and Seashore Railroad Co.,* 71 *N. J. L.* 363; *affirmed,* 79 *Id.* 499; *Lehberger* v. *Public Service,* 79 *Id.* 134; *Hoff* v. *Public Service,* 91 *Id.* 641; *Kalleberg* v. *Raritan, &c., Railroad Co.,* 91 *Id.* 222; *Lerner* v. *Public Service,* 83 *Id.* 64, and *Exton* v. *Central Railroad Co.,* 62 *Id.* 7.

The principle running through all of these cases is that a common carrier of passengers must use reasonable care to protect passengers from dangers known or which ought to be known or anticipated by reasonable foresight. Such rule is firmly established.

But the situation in the present case is not one where some unexpected and unforeseen happening or act of a fellow passenger was, necessarily, the proximate cause of the injury to the plaintiff below. The proofs here were that from eight A. M. to eight forty-five A. M. or thereabouts was the so-called "rush" period at this station; that large crowds of passengers were usually and regularly to be found there during that time, and, as trains came in the crowds of passengers would rush to the cars to gain entrance. This the proofs would tend to show was the condition on the morning in question. It further appears that, ordinarily, the appellant at that time in the day and on that platform, had four or five guards to control the crowd. Although appellant sought to establish that guards to this number were on duty on this platform on the morning in question there is also

proof, if believed, that there were none there at the time of the happening complained of and that the crowd of passengers, uncontrolled, pushed and shoved each other in an effort to board the train and that the plaintiff was pushed and carried along to the edge of the platform and off of it and into a space between two cars of a train then in the station.

Not only was there proof upon the part of the appellant that the usual number of guards were on duty at the time but that one of these, whose station was at the point where plaintiff claimed to have been injured, testified that he was on duty, at his post, and that he saw no rushing, pushing or disorder and saw no one injured.

Under such condition of proofs a jury question was undoubtedly presented and it was open to the jury to find that the appellant was or was not negligent in not using reasonable care to provide guards or platform men of a reasonably sufficient number and that if such men and to such number were actually on duty then whether or not they exercised due care for the safety of the passengers.

We think, therefore, that there was no error in refusing to direct a verdict upon this ground.

2. It was error to refuse to direct a verdict in favor of appellant because no negligence, if any was established, was the proximate cause of the happening complained of.

This is urged upon the idea or theory that the happening was a sudden, unexpected and extraordinary one, which the defendant company in the exercise of reasonable care was not called upon to anticipate and which no amount of precaution or foresight could have protected the plaintiff against.

This might have been spelled out of the proofs but there were also proofs from which an opposite conclusion could be reached and it was for the jury to find thereon. This question was therefore properly referred to the jury by the trial court.

3. That it was error to have refused to nonsuit the plaintiff upon the allegations of negligence contained in the original complaint.

We are quite unable to see how such action of the trial court prejudiced the appellant.

From the proofs there is, at least, a strong suspicion that the happening did not take place as the plaintiff urged at the trial but happened by her stepping into a narrow space between the edge of the platform and the side of the car where she proposed and sought to enter.

Again we are constrained to say that from the proofs this was very properly a jury question.

4. That it was error to refuse to charge appellant's requests numbered 23 and 24.

These were—

"23. You cannot find any negligence on the part of the defendant simply because there was a small space between the side of the car and the side of the station platform. There is no evidence in this case that that construction was improper and in the absence of such evidence you cannot find the defendant negligent in that respect. It is self-evident that there must be some space between the side of the platform and the side of the cars, otherwise the train could not run into the station and out again. Because of such space the defendant cannot be held liable in this case."

"24. If you find that this accident happened simply by the plaintiff putting her foot in between the side of the car and the side of the platform then the plaintiff cannot recover, and your verdict must be for the defendant."

While, in the abstract, these requests present established principles of law, they were not proper requests under the theory upon which the case was tried and submitted to the jury.

It is true that one of the grounds of negligence asserted in the original complaint was that the "platform was constructed in a careless, negligent and dangerous manner without regard for the safety of passengers using the same," and it is also true that there was no proof that such platform was not of the customary and standard construction, and it further appears that appellant endeavored to establish that the injury to the plaintiff was caused by her stepping into a space be-

tween the platform edge and the car she was attempting to enter and the trial court referred the jury to all the charges of negligence including the one above stated, nevertheless the court instructed the jury that the plaintiff claimed "that when she went down the stairs there was a large * * * and unusual crowd, and that the train came in practically at the same time that she got on the platform and when she went to get over on the train that she was carried along with this crowd and pushed in such a position that her leg went down between the edge of the platform and the side of the train. Now, whether that is so, or whether her foot went between the edge of the platform and the middle of two cars, is for you, and you alone, to decide * * *."

It seems to us that this instruction was more favorable to the appellant than anything it was entitled to. Of course, if without anything else appearing the fact was that plaintiff being upon the platform and attempting to board this train had stepped into a space between the platform and the train, not shown to have been an unusual space according to standard construction she would not have been entitled to recover and the requests under consideration would have been proper and it would have been error to refuse to charge them. The proofs here, however, presented a situation from which it could be found that the appellant was negligent in not providing any or sufficient guards and if this were not so that such guards as were provided were negligent in their efforts to control the prospective passengers upon the platform so that plaintiff against her will was physically forced to the edge of the platform and between it and the train then standing in the station. If this was the true situation then it would seem to us to be entirely immaterial whether her leg went down between two cars or between a standard opening or space between the platform and the entrance to the car which she entered.

The requests in question by their language made no provision for nor did they set up such a situation.

We conclude, therefore, that it was not error to refuse to charge as requested.

(5) Refusal to charge appellant's request number 7. This was an excerpt from *Miller* v. *West Jersey Railroad Co.*, 71 N. J. L. 363, 365, and as worded did not fit the facts in the present case and it was not error to refuse to charge it.

(6) Refusal to charge request number 8 of appellant, which was—

"In the present case the evidence of the plaintiff herself shows that she used this particular platform of the Hudson and Manhattan Railroad for five years, daily; immediately preceding this accident, and that she boarded the train each morning about the same time at the same place and that at no previous occasion had she ever been pushed or shoved by any passenger or passengers. You must therefore consider whether, under the circumstances, the defendant can be held to any responsibility to the plaintiff and that depends on whether the defendant had any reasonable ground to anticipate that the occurrence in question would happen. If the defendant did not have any reasonable ground to anticipate the occurrence of which the plaintiff complains, then the plaintiff cannot recover and your verdict must be for the defendant."

This request was patently improper. The fact, if such it was, that the plaintiff had made use of this particular station for some period of time prior to the happening complained of, and had never before been pushed or shoved by a crowd of passengers was not the measure of the defendant's liability nor the guide for its care of its passengers.

(7) Refusal to charge request number 11 of appellant, as follows:

"There is no evidence in this case that any passenger on any previous occasion was pushed or shoved from the platform to a position between the cars and in the absence of any evidence that the defendant might have reasonably anticipated this occurrence, there is no liability on the part of the defendant and your verdict must be for the defendant."

While we are entirely unable to subscribe to the contention contained in this request that there was a burden upon the plaintiff to show that other passengers at previous times had.

met up with and been subjected to a happening like unto that visited upon her, in order to make the defendant liable in her case, nevertheless the instruction of the trial court upon this point seems to us to have been amply sufficient.

(8) Refusal to charge appellant's request number 17.

This was simply a rule for measuring the credibility of witnesses and the charging of it was entirely a matter within the sound discretion of the trial judge. It presented no rule or principle of law and it was not error to refuse to charge it.

(9) Refusal to charge appellant's request number 21.

This was a caution to the jury not to be swayed by sympathy, &c. Here again the sound discretion of the court was called into action and no principle of law was involved.

(10) Refusal to charge appellant's request number 22.

This was directed to the question of contributory negligence of the plaintiff.

The trial court fully and correctly charged upon this question and therefore it was not error to refuse to charge the request in question.

(11) Refusal to charge appellant's request number 25, which was:

"If you find that this was merely an accident which could not be avoided by the exercise of reasonable care by the defendant, then your verdict must be against the plaintiff and in favor of the defendant."

We think this was sufficiently and completely covered by appellant's request number 1, which was charged and the trial court's general charge.

The judgments below should be affirmed, with costs.