EMILIE EGNER, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Collins & Corbin*.

For the respondent, *Pierson, Schroeder & Brand*.

The opinion of the court was delivered by

HETFIELD, J. This is an action instituted by the plaintiff to recover for personal injuries sustained while a passenger on one of the defendant's trains, as it arrived at the Exchange Place station, Jersey City. The trial resulted in a verdict for the plaintiff, and the defendant appeals on the sole ground that the trial court erred in refusing to direct a verdict in its favor, contending that there was no evidence of any negligence on the part of the defendant or its agents, and that the undisputed testimony indicates that the accident was caused by the unforseen, sudden and unexpected act of one or more passengers, for which the defendant is not responsible. At the close of the trial, the only evidence submitted, with respect to negligence on the part of the defendant, was the uncontradicted testimony of the plaintiff and a friend who

was with her at the time of the accident, which discloses that on March 4th, 1930, the plaintiff and said friend, Dorothy Dolan, boarded a train of the defendant, at about five-fifteen P. M., at Cortland street, New York, and paid her fare, intending to travel to the Erie station, at Jersey City. There were no vacant seats, and the plaintiff was compelled to stand. Before it left the Cortland street station, the train, as well as the outside vestibule, was so crowded that the plaintiff and her companion, standing in the vestibule, were pushed against the door opposite the one by which they had entered the train. When the train made its first stop, at Exchange Place, the doors immediately opened, and as the crowd came rushing out of the platform, the plaintiff was pushed off the train, injuring her ankle and knee. While the train was in motion, and when it stopped at Exchange Place, there was a guard standing between the two cars, which was about three or four feet from where the plaintiff was crowded against the door. The guard did not change his position, give any warning, or take any action whatsoever, as the train stopped and the doors were opened, to prevent the rush of the crowd departing from the train. There is no evidence that any guard was at the station platform when the train arrived.

The defendant was a common carrier, and as such, was bound to use a high degree of care to protect its passengers from any damage that foresight could anticipate. *Rivers* v. *Pennsylvania Railroad Co.*, 83 *N. J. L.* 513. At the conclusion of the trial, the facts proven did not, in our opinion, warrant a direction of a verdict on behalf of the defendant. No evidence was offered by the defendant to contradict the testimony of the plaintiff and Miss Dolan, nor was any proof submitted to show that any effort or care was used by its servants, to avoid the condition which was likely to result in the plaintiff's being injured, although the testimony indicates that the guard had ample opportunity to see the crowded condition of the vestibule, and that the plaintiff was crowded against the door which would be opened to permit the passengers to leave, upon the arrival of the train at the Exchange Place station. When a plaintiff shows that injury has re-

sulted from some defect in the appliances of the carrier, or through some act or omission of the carrier's servant, which might have been prevented by due care, then the jury have the right to infer negligence, unless the carrier proves that due care was exercised. We think, in the present case, there was sufficient proof for the jury to infer negligence, and there was no evidence submitted on behalf of the defendant, to prove what degree of care, if any, was exercised to avoid the accident. It is well recognized, that exit from a crowded car is likely to be attended, in the case of any pasenger, with some difficulty; and a common carrier is specifically bound to use a high degree of care to protect its passengers, not from crowding *per se*, but from danger likely to arise from crowding, which reasonable foresight should anticipate. *Hansen* v. *North Jersey Street Railway Co.*, 64 *N. J. L.* 686.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.