FLORA NAZARRO AND VINCENT NAZARRO, HER HUS-BAND, PLAINTIFFS-APPELLEES, v. HUDSON AND MANHATTAN RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided July 22, 1940.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the appellees, *Bernard German* (*Thomas F. Doyle,* of counsel).

The opinion of the court was delivered by

Perskie, J. The single question argued and requiring decision is whether, as appellant claims, the trial judge erred in refusing to grant its motion to direct a verdict in its favor on the ground that there was no proof of any negligence on its part which was the proximate cause of the plaintiffs' injuries.

The proofs which give rise to the stated question disclose that plaintiff Flora Nazarro resides in Jersey City, New Jersey, and works in New York City, New York. She was a regular commuter between the two points. On January 19th, 1938, about four-forty-five P. M., after having paid the required fare at defendant's Cortland street station, New York City, she went to the platform to take a train to Journal Square, Jersey City. The regular schedule of trains was somewhat delayed and the platform became extremely over-crowded with passengers. As the proper train arrived and the doors thereof were opened for passengers to enter therein, plaintiff was pushed through the door of the train as a result of which she fell and sustained injuries for which she brought suit, her husband joining his action for damages *per quod.*

The cause was submitted to the jury with a very comprehensive, fair and accurate charge. The jury returned a verdict of $2,000 in favor of the wife and a verdict of $636 in favor of the husband, against defendant. It is the judgment, based on the verdict so returned, which defendant here urges should, for the reason first stated, be reversed. We fail to perceive any merit to appellant's argument.

At the outset we mark the fact that by concession of coun-

sel for the respective parties this case was tried upon the theory that "the common law standard of duty [under the circumstances exhibited] in the State of New York was the same as the common law standard of duty in the State of New Jersey." The theory of the suit, so adopted and pursued, is binding on the parties here. *Lastowski* v. *Lawnicki,* 115 *N. J. L.* 230, 234; 179 *Atl. Rep.* 266; *Saum* v. *Proudfit,* 122 *N. J. L.* 96; 4 *Atl. Rep.* (*2d*) 35.

In *Thurber* v. *Skouras Theatres Corp.,* 112 *N. J. L.* 385, 170 *Atl. Rep.* 863, the Supreme Court held that a mere crowded condition in itself did not constitute actionable negligence. That holding, however, expressly pointed out the class of cases in which the injurious consequences of failure to control crowds may create liability. *Hansen* v. *Northern Jersey Street Railway Co.,* 64 *N. J. L.* 686; 46 *Atl. Rep.* 718; *Sandler* v. *Hudson and Manhattan Railroad Co.,* 8 *N. J. Mis. R.* 537; 151 *Atl. Rep.* 99; *Egner* v. *Hudson and Manhattan Railroad Co.,* 109 *N. J. L.* 367; 162 *Atl. Rep.* 554. These cases, as their titles indicate, are between passengers and carriers. In such cases liability, if any, is predicated not on a breach of duty by overcrowding but rather on a breach of duty to use care to avoid the dangers likely to arise therefrom at entrances and exits of carrier's cars. Thus, in the Hansen case, our Court of Errors and Appeals imposed the duty upon a carrier to protect its passengers from foreseeable dangers. Amplifying that holding the court said (at *p.* 701) : "This does not mean that the accident must be foreknown, or that exactly such an occurrence was expected or apprehended, but rather, more generally, that its characteristics must be such that it can be classified among events which, sooner or later, in the absence of due care, were likely to happen, and which due care would prevent." In imposing that duty the court held that crowding *per se* did not impose liability but dangers likely to arise from crowding were foreseeable dangers and it was therefore the duty of the carrier to protect its passengers against such dangers.

The case of *Seckler* v. *Pennsylvania Railroad Co.,* 113 *N. J. L.* 299; 174 *Atl. Rep.* 501 (plaintiff was about to enter station doorway which was thrown open by a person leaving

the doorway and causing it to strike her knee), and *Wells* v. *Citizens National Bank,* 15 *N. J. Mis. R.* 413; 192 *Atl. Rep.* 91 (plaintiff—a bank customer—while walking down the steps leading from the bank to the sidewalk was either struck or tripped by children playing on the steps), are clearly distinguishable on the facts.

Before closing our consideration of these cases, it may be well to say a word concerning the expression "high degree of care" which has crept into our decisions on the law of negligence. It will suffice if we refer to the unanimous opinion of our Court of Errors and Appeals in *New Jersey Fidelity, &c., Co.* v. *Lehigh Valley Railroad Co.,* 92 *N. J. L.* 467; 105 *Atl. Rep.* 206, in which Kalisch, J., said (at *p.* 470), "* * * high degree of care denotes no more than degree of care commensurate with the risk of danger."

In light of the established principles as set down in the Hansen case, and applicable to the case at bar, we are of the opinion that upon the proofs submitted and the proper deducible inferences to be drawn therefrom, it was open to the jury to find, if it so chose, that defendant either had knowledge or was charged with the knowledge of the fact that the schedule of the operation of its trains was delayed; that the delay increased to a very great extent the number of passengers on the platform awaiting their trains; that the delay and great increase of passengers added substantially to the dangers incident to the anxiety and rush of passengers to board a train at a time which, as here, is characterized as the rush hour; that defendant's guards were either not at the place where reasonable prudence would indicate they should have been or if they were they did not exercise the care they were obliged to exercise under the circumstances. In fine, it was open to the jury to find from the proper proofs in the case, if it so chose, that defendant failed to discharge its duty to the plaintiff of using the proper care to avoid the dangers likely to arise and confront plaintiff from the overcrowding at the time she was in the act of entering its train and that the failure to discharge its proper duty to plaintiff was the proximate cause of the injuries which she sustained.

The trial judge, therefore, properly submitted the case to the jury for its consideration and determination.

Accordingly, the judgment is affirmed, with costs.