Defendant appeals from a judgment entered in favor of plaintiff in the Hudson County District Court for $300 damages and $18.60 costs. Plaintiff sustained an injury to his hand while a passenger on one of defendant's railroad cars and alleged negligence on the part of defendant; the latter denied that it was guilty of any negligence which was the proximate cause of plaintiff's injury, and asks this court to reverse.
The car upon which plaintiff was riding was crowded, all the seats were taken, and he was one of some twelve passengers standing in the vestibule close to the door. When the train stopped at the Cortlandt Street station, in New York City, the conductor in charge of opening and closing the car doors attempted to open them but for some reason, not explained, the door near which plaintiff was standing opened only part way — the space of "one foot or more." Nevertheless, the passengers seeking an exit endeavored to force their way through the small space referred to. In the consequent pushing and shoving, plaintiff's hand was wedged between the door and the casing into which the door slides. So far as the record discloses, neither the conductor, who was but a few feet away, nor any other employee of the defendant, made the slightest effort to control the crowd of passengers endeavoring to leave the car — not, at least, until some twenty-five persons had squeezed through the partially opened doorway. Then it was that the conductor reversed the door so that plaintiff's hand was released. *Page 106 
On this state of facts we think the trial court properly rendered judgment for plaintiff. A common carrier owes a high degree of care to its passengers and must exercise reasonable foresight to protect them from dangers incident to crowded exits.Hansen v. New Jersey Street Railway Co., 64 N.J.L. 686 (E. A. 1900); Egner v. Hudson Manhattan R. Co., 109 N.J.L. 367
(E. A. 1932); and Nazarro v. Hudson Manhattan R. Co.,125 N.J.L. 108 (Sup. Ct. 1940).
Judgment affirmed. *Page 107