J-S79008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH ALEXANDER, | |
| Appellant | No. 1941 EDA 2013 |

Appeal from the PCRA Order entered June 7, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0702301-2002

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 16, 2014**

Keith Alexander ("Appellant") appeals *pro se* from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Appellant] drove codefendant to complainant, where he was sitting on steps rolling a blunt.  Codefendant got out of the car, asked "Why you let him rob me?", then shot the complainant in the left lower chest and abdomen area three to four times, paralyzing him.
>
> [Appellant] was convicted by a jury of attempted murder and related charges.  He was sentenced to 300 to 600 months [of] incarceration for attempted murder and a consecutive term of 18 to 72 months [of] incarceration for [a firearm violation].  [Appellant] filed a direct appeal, and

_____
*Retired Senior Judge assigned to the Superior Court.

the sentence was affirmed. [***Commonwealth v. Alexander***, 928 A.2d 1117 (Pa. Super. 2007) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on October 24, 2007. ***Commonwealth v. Alexander***, 934 A.2d 1275 (2007)].

… [Appellant] filed a first *pro se* [PCRA petition]. PCRA counsel filed a ***Finley*** letter [***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)], and this court agreed that the [PCRA petition] should be dismissed. This decision was affirmed on appeal. [***Commonwealth v. Alexander***, 990 A.2d 34 (Pa. Super. 2009) (unpublished memorandum). On August 6, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Alexander,*** 4 A.3d 1050 (Pa. 2010)].

On January 29, 2013, [Appellant] filed a second PCRA Petition, claiming violations of the Constitutions of Pennsylvania and/or the United States, and ineffective assistance of counsel. On April 5, 2013, this court sent [Appellant] a Notice pursuant to Pa.R.Crim.P. 907, informing [Appellant] that his [second] PCRA Petition was untimely filed pursuant to Pa.C.S. §9545(b). [On April 18, 2013, Appellant filed a response.] On May 10, 2013 [Appellant's second] PCRA Petition was formally dismissed by the court as untimely filed.

PCRA Court Opinion, 8/19/13, at 1-2 (footnote omitted). This *pro se* appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

- 2 -

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id*.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936

A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Here, Appellant's judgment of sentence became final on January 22, 2008, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. §9545(b)(3). Therefore, Appellant had to file his petition by January 22, 2009, in order for it to be timely. As Appellant filed the instant petition on January 29, 2013, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, as the PCRA court explained: "In his second PCRA Petition, [Appellant] did not even plead an exception to the timing requirement under the PCRA[.]" PCRA Court Opinion, 8/19/13, at 2. Our review of Appellant's petition confirms this fact. In his appellate brief, Appellant essentially argues that the PCRA's time bar is unconstitutional. **See** Appellant's Brief at 6-10. Such a challenge has been repeatedly rejected by the appellate courts in Pennsylvania. **See**, **e.g.**, **Commonwealth v. Peterkin**, 722 A.2d 628 (Pa. 1998); **Commonwealth v. Johnson**, 732 A.2d 639 (Pa. Super. 1999).

In sum, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's second PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014