CARPENTER *v.* HERPOLSHEIMER'S CO.

1. NEGLIGENCE — STOREKEEPERS — SAFE CONDITION OF PREMISES — CUSTOMERS.

It is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

2. SAME—CUSTOMERS—EVIDENCE—AISLES.

In action against storekeeper by customer for injuries sustained when she fell in an aisle near a purse counter, evidence which failed to show that box she claimed tripped her was a purse box, or, if it was, that it had been piled negligently under the table, how it got into aisle, that defendant had knowledge of its being there, or that it was in the aisle long enough so he should have known of it *held*, insufficient to carry question of defendant's negligence to jury.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 13, 1937. (Docket No. 132, Calendar No. 39,005.) Decided March 1, 1937.

Case by Laura Carpenter against Herpolsheimer's Company for personal injuries sustained in a fall while a customer in defendant's store. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Glocheski & Glocheski,* for plaintiff.

*Clifford A. Mitts, Jr.,* for defendant.

FEAD, C. J.   In action for injuries sustained by plaintiff, while she was a customer in defendant's store, defendant had directed verdict.

In the center of an aisle, eight or nine feet wide, defendant had put a table, 30 inches in width, for the display and sale of purses.   Empty purse boxes were piled under the tables by clerks and periodically removed.   They were piled two rows deep. The boxes were about 6 inches high, 9 wide and 12 long.

Plaintiff claims that as she was walking beside the table in a crowd of people she stepped into a box in the middle of the aisle, which "looked like a box that possibly they had large purses in," she tried to kick it off her foot and fell.   She said that as she sat on the floor she saw that the boxes under the table were piled up all right and were not protruding.

The merchandise manager, who was close by when plaintiff fell, said the boxes were piled in a single row, double height, and one was slightly protruding from the table and looked as if it had been stepped on.

It is the duty of a storekeeper to provide reasonably safe aisles for the customers.   *Brown* v. *Stevens*, 136 Mich. 311 (16 Am. Neg. Rep. 101).   The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich. 445; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it.   *Yarington* v. *Huck*, 218 Mich. 100.

The difficulty with plaintiff's case is that there was no evidence that the box which she claims was

in the aisle and tripped her was a purse box; nor, if it was, that it had been piled negligently under the table; nor how it got into the aisle; nor that defendant had knowledge of its being there; nor that it was in the aisle long enough so defendant should have known of it. *Fuller* v. *Wurzburg Dry Goods Co.,* 192 Mich. 447; *Boylen* v. *Berkey & Gay Furniture Co.,* 260 Mich. 211. The court correctly directed the verdict for failure of proof of negligence.

Affirmed.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., concurred.