EVELYN V. WELLS, PLAINTIFF-APPELLANT, v. THE CITIZENS NATIONAL BANK OF COLLINGSWOOD, DEFENDANT-RESPONDENT.

Submitted January term, 1937—Decided May 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Walter S. Keown.*

For the defendant-respondent, *Carroll & Taylor* (*Walter R. Carroll,* of counsel).

BROGAN, CHIEF JUSTICE. The trial court ordered a nonsuit at the end of the plaintiff's case and the plaintiff appeals from such judgment.

The testimony offered in support of the plaintiff's claim for money damages, for personal injuries suffered by her, tended to establish that on September 21st, 1934, she was a customer of the defendant bank; that there is a flight of six or seven stone steps leading up from the sidewalk to the banking room of the defendant and that the bank had installed an iron handrail or banister, in the center of the steps, running up and down, as an aid to those entering or leaving the premises; that on the afternoon of the day in question, as the plaintiff was leaving the defendant's premises, having gone there on business usual to a depositor, several children were playing on the steps and one of them, while swinging on this handrail or banister, struck or tripped the plaintiff, causing her to fall and suffer injury; that the children were playing on the steps when she entered the bank and that she had often seen children running up and down the steps of the bank, playing on other occasions, as well as swinging on the rail.

Another witness, Miss Brooks, testified that children used to play there every day, and the police officer on traffic duty at that point, which is opposite a school building, likewise saw the children playing on the steps, in the morning before school started, at the noon recess, and after school was dismissed in the afternoon.

The court nonsuited on the theory that the happening complained of was one that, from the circumstances, could not reasonably have been foreseen by the defendant.

In the briefs before us it is argued that the appellant was an invitee and as such was entitled to assume that the premises would be maintained in a reasonably safe condition for those who used the building. With that contention we agree.

It is next argued that there was sufficient evidence from which a jury might find the defendant was negligent and that the negligence was the proximate cause of the injury. It is not contended that there was any negligence in the construction of the steps or the placing of the handrail, but it is argued that the presence of the children playing on the steps and

around the handrail constituted a menace to those entering or leaving the bank, and that the defendant had had constructive notice of the fact that children played there and that this constituted actionable negligence.

The court, before granting the nonsuit on the ground mentioned above, stated that in its opinion the bank had had constructive notice of the fact that the children were wont to play there. As to this, the only proof in the case is the testimony of Miss Brooks, who said one could see these steps and railing "from the center of the bank when you go in." But, passing that, we do not believe that as a matter of law the defendant bank, in the discharge of its duty to use reasonable care for the safety of those using its premises, was obliged to maintain a watchman or guard over the steps so that children would neither tarry nor play on the steps or about the handrail. To hold that it had such duty would be to burden it with a degree of care that the law does not place upon it.

In the cases upon which appellant relies to maintain its theory of liability, the facts are materially different. For instance, in *Exton* v. *Central Railroad,* 62 *N. J. L.* 7; 42 *Atl. Rep.* 486, the plaintiff was injured in the railroad station close to the baggage room by cabmen who were indulging in "horseplay." The facts of that case are similar to those in *Flint* v. *Norwich Trans. Co.,* 344 *Conn.* 554, which case is referred to in *Miller* v. *West Jersey, &c., Railroad Co.,* 71 *N. J. L.* 363; 59 *Atl. Rep.* 13. In *Stark* v. *Great Atlantic and Pacific,* 102 *N. J. L.* 694; 133 *Atl. Rep.* 172, plaintiff was injured in the store of the defendant by its negligence in having a defective floor board in the premises. We do not perceive how the cases support the appellant's position.

From the proofs before us, we think that there was no evidence that the bank had any notice of any existing danger, *as such,* arising out of the presence of the children on the steps. Nor is there in the record before us any evidence of how long the children, on the afternoon in question, had been playing around the handrail, or that they had been there for a sufficient length of time to have afforded a reasonable opportunity to the defendant to stop them in their play on the steps. Nor is there any proof that the presence of the

children, from past experience, was reasonably liable to cause injury to anyone. This view, we think, follows the reasoning of our Court of Errors and Appeals in *Seckler* v. *Pennsylvania Railroad, &c.,* 113 *N. J. L.* 299; 174 *Atl. Rep.* 501.

The judgment of nonsuit is affirmed, with costs