FILIPOWICZ v. S. S. KRESGE CO.

1. NEGLIGENCE—QUESTION OF PLAINTIFF'S CONTRIBUTORY NEGLIGENCE DOES NOT ARISE UNTIL DEFENDANT'S NEGLIGENCE APPEARS.
    In an action for personal injuries based on the alleged negligence of the defendant, the question of the contributory negligence of the plaintiff does not arise until defendant's negligence appears.

2. SAME—STOREKEEPER NOT INSURER OF CUSTOMER'S SAFETY—REASONABLY SAFE PREMISES REQUIRED.
    Storekeeper is not insurer of safety of customers, but it is his duty to use reasonable care to provide reasonably safe place for them on his premises.

3. SAME—STAIRWAYS—GREASE—NOTICE TO DEFENDANT STOREKEEPER.
    In action by woman who fell in store upon stairway used daily by 9,000 to 10,000 people, record *held*, without evidence of how alleged grease got upon the stairway, or that defendant storekeeper had knowledge of its presence or that it was on the steps long enough so that defendant's employees should have known of it.

4. SAME—STAIRWAYS—GREASE—DIRECTED VERDICT.
    In action by woman who fell on stairway 64 inches wide, which had 12-inch treads and 7-inch risers, and which was used by 9,000 to 10,000 people daily, record *held*, insufficient to carry question of defendant's negligence with respect to presence of grease on the stairway to jury even when evidence is viewed in light most favorable to plaintiff.

Appeal from Wayne; Jeffries (Edward J.), J., presiding. Submitted June 24, 1937. (Docket No. 121, Calendar No. 39,566.) Decided September 1, 1937.

Case by Ida Filipowicz against S. S. Kresge Company, a Michigan corporation, for personal injuries sustained by slipping on a stairway in defendant's store. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Freedman & Drexelius* (*Harold Helper,* of counsel), for plaintiff.

*Lawson & Giles* (*William B. Giles,* of counsel), for defendant.

BUSHNELL, J.   While descending a public stairway between 9 and 10 a. m. in going from the second to the first floor of one of defendant's stores, plaintiff slipped and fell. She was taken to a first aid room, given some medicine and her fractured wrist was bandaged by a physician who was called after the accident.

After receiving treatment plaintiff left the store and when she got out on the street discovered that her dress, underskirt and stockings were all greasy and black. She stated on direct examination that she had slipped on some grease and later upon being questioned by the trial judge she said the stairway step felt as though it was slippery.

At the close of plaintiff's testimony, defendant moved for a directed verdict upon the theory that plaintiff had failed to show the existence of a dangerous or defective condition caused by defendant's negligence or that it knew or should have known of such condition, and that plaintiff was guilty of negligence in failing to pay attention to her own surroundings. This motion was denied by the trial judge, who stated:

"There is some evidence here that there was grease on that stairway. * * * It could not have

been on there without the knowledge of the defendant or its employees. * * * I am placing the burden upon the defendant here because it is such a place, with such travel there, and such conditions, that they must have known or should have known of it, at least. * * * This woman was confused. She was the only one there; she had no friends; she was in the hands of the enemy; and the result is, she fell down.''

Defendant produced its second floor manager who saw plaintiff fall, helped her up, and immediately examined the stairway which he said was free from grease. The stairway is 64 inches wide, the treads 12 inches deep and it has 7-inch risers. While no other people were on the stairway at the time, from nine to ten thousand people use it daily. This witness claimed plaintiff said: ''I tripped and fell.'' He described the fall as a thud, followed by a roll.

The employee in charge of the main floor of defendant's store said he heard a commotion, came immediately to the mezzanine landing, saw plaintiff on her knees and assisted her to rise. He ''asked her if she knew how she fell and she said she didn't know.'' He also claimed to have examined the steps and did not see anything, ''there was no black grease,'' but he did not examine plaintiff's clothes.

A maid testified:

''I circulate around and pick up refuse and sweep up if there is anything to sweep. I get around to these steps from the second floor to the mezzanine about every 15 or 20 minutes. If I see anything on the stairs or floor, I immediately sweep it up with the broom and dust pan that I carry. The porter washes the stairs every night.''

Defendant renewed its motion for a directed verdict at the close of the proofs, decision on the motion

was reserved, and the case was submitted to the jury who rendered a verdict for $500. Defendant's motions for judgment *non obstante veredicto* and for a new trial were later denied.

Defendant seeks reversal of the judgment claiming that the testimony did not raise a question of defendant's negligence and that the verdict is against the weight of the evidence; that plaintiff's inattention to her surroundings was contributory negligence. Appellant also says the court erred in charging the jury as follows:

"You have a right to assume, under the testimony, if anything occurred that rendered the stairs dangerous, under normal conditions, it would almost immediately have been notice to the defendant that something was wrong."

Defendant also claims error in the denial of its request to strike plaintiff's statement in relating a conversation with some unidentified, and therefore unauthorized, person. The testimony in question was:

"Well, she talk to me and she say she was very sorry I fell down in their store, and she said they supposed to clean up the steps half an hour before I came to the store."

"The contributory negligence of plaintiff does not arise until defendant's negligence appears." *Brown* v. *Berles,* 234 Mich. 353.

A storekeeper is not an insurer of the safety of his customers but "it is his duty to use reasonable care to provide a reasonably safe place for them on his premises." *Shorkey* v. *Great Atlantic & Pacific Tea Co.,* 259 Mich. 450, and see annotations therein cited. See, also, *Boyle* v. *Preketes,* 262 Mich. 629.

We affirmed a judgment for plaintiff in *Galarno* v. *Great Atlantic & Pacific Tea Co.*, 260 Mich. 113, where a customer slipped on a greasy floor but in that case plaintiff testified that an employee of defendant was oiling the floor while she was in the store. Defendant's employees had denied that floor had ever been oiled. Plaintiff introduced corroborating testimony of the fact that the floor was oily. We held "the question was for the jury and its verdict must stand." The *Galarno* record contained evidence of an unusual condition and such negligence that would sustain the verdict for plaintiff.

We said in the recent case of *Carpenter* v. *Herpolsheimer Co.*, 278 Mich. 697, decided only a few days before the trial of the instant case:

"It is the duty of a storekeeper to provide reasonably safe aisles for the customers. *Brown* v. *Stevens,* 136 Mich. 311 (16 Am. Neg. Rep. 101). The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich. 445; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. *Yarington* v. *Huck,* 218 Mich. 100.

"The difficulty with plaintiff's case is that there was no evidence that the box which she claims was in the aisle and tripped her was a purse box; nor, if it was, that it had been piled negligently under the table; nor how it got into the aisle; nor that defendant had knowledge of its being there; nor that it was in the aisle long enough so defendant should have known of it. *Fuller* v. *Wurzburg Dry Goods Co.*, 192 Mich. 447; *Boylen* v. *Berkey & Gay Furniture Co.*, 260 Mich. 211. The court correctly directed the verdict for failure of proof of negligence."

Applying the foregoing to the facts in this appeal, there is no evidence of how the grease got upon the stairway, nor that defendant had knowledge of its presence, nor that it was on the steps long enough so that its employees should have known of it.

The testimony in the instant record is insufficient to carry the question of defendant's negligence to the jury and although we have viewed plaintiff's testimony most favorably to her, she did not prove actionable negligence and a verdict should have been directed for defendant.

The judgment is reversed and the cause remanded for the entry of judgment in favor of defendant. Costs to appellant.

FEAD, C. J., and NORTH, WIEST, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.