## Theodore Rosenberger, Appellee, v. Consolidated Coal Company, Appellant.

Opinion filed March 2, 1943.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, and LEON A. COLP, of Marion, for appellant.

D. L. DUTY, CHARLES D. WINTERS and STONE & FOWLER, all of Marion, and J. E. HARRISS, of Du Quoin, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Williamson county, in favor of Theodore Rosenberger, appellee (hereinafter called plaintiff), and against the Consolidated Coal Company, a corporation, appellant (hereinafter called defendant), in the sum of $10,000.

The complaint in the instant case charged that defendant (which owned about 600 acres of land adjoining the easterly city limits of the city of Herrin, on which its mine was located), had permitted certain pathways over its lands to be used and traversed continuously by pedestrians, to the knowledge of defendant, for many years, and that there were no signs forbidding the use, or warning pedestrians of any hidden dangers, or that the footpaths were unsafe for travel, and that while plaintiff was walking along a path, which ran north of a creek on the land of defendants, its surface broke and plaintiff fell through the surface crust of the path into certain burning coal, slack, and gob, by reason of which he sustained certain injuries. There were allegations to the effect that defendant had negligently created such dangerous condition and knew that the coal and refuse would spontaneously ignite and burn under the footpath. It was charged that the defendant negligently failed to extinguish the fire under the footpath so as to make the same reasonably safe for pedestrians, that it negligently failed to erect and maintain signs on the footpath, which would warn and notify pedestrians of the hidden danger of such path, and that it failed to provide a fence or barricade so as to warn or notify pedestrians of the hidden and dangerous condition. The second count of the complaint charged the defendant with wilfully and wantonly creating the alleged dangerous condition.

The evidence at the trial, before a jury, indicated that most of the land not occupied by the mine of defendant and railroad tracks was wasteland. It also tends to show that for a long time prior to the time of the injury of plaintiff, a number of people in the community had traversed the area, picking berries, hunting rabbits, gathering nuts, or in other similar pursuits. There was no fence or sign of any kind to discourage the practice. There was some dispute as to whether or not the path in question was well-defined,

but there was evidence to indicate that there was a well-defined one-man path, about three feet wide, at the point where the path gave way and plaintiff sustained his injuries. There was no evidence to indicate that defendant had ever piled any coal, or refuse, or gob, anywhere near the place of the accident. It was disclosed, however, that a WPA mosquito abatement gang, which had acted in straightening out the creek adjoining the pathway at the place of the accident, had scraped some of the slack from the creek and had thrown it to the north side of the ditch, where an embankment had been built. Plaintiff was a member of that WPA mosquito abatement gang. It was apparent from the evidence that the coal refuse which had washed down the creek and which was thrown out by plaintiff and his fellow workmen about a year before the accident involved herein, spontaneously took fire. It was shown that it is a known scientific fact that coal or coal refuse, piled up and exposed to the weather, will often spontaneously take fire. There is no evidence in the record, however, that defendant, or its agents, knew that the coal refuse had been dug out, or piled on the north bank of the creek, or that it was burning.

On October 15, 1939, the plaintiff and his two sons, aged nine and eleven years, walked across the land of defendant for the purpose of hunting hazelnuts. They crossed a trestle to the north bank of the creek and then went down a ''one-lane'' pathway along the north side of the creek in an area which was otherwise low and overgrown with weeds and brush. The plaintiff was in the lead, with his sons following him in single file as they walked about 50 or 75 feet from the railroad, when the pathway suddenly broke under plaintiff and he was precipitated into the fire. Before he broke through the crust, there was no smoke or fumes, or flame, and absolutely nothing unusual to warn him of the burning danger. As the result of the accident

plaintiff's feet and legs were severely burned and he sustained painful and extensive injuries.

The only evidence in the cause which tended to establish that defendant, or its agents, knew anything about the coal refuse having been dug out or piled up on the north bank of the creek, was to the effect that defendant's cashier knew that the WPA had cleaned out and shoveled out the ditch, and that there were washings and coal refuse from the cleanings of the coal all along the ditch where it goes down from defendant's plant. There was no evidence, however, that defendant, or its agents, knew that the coal or gob was piled there in dangerous quantities, or that it was burning. There was, likewise, no evidence to show that the pathway at the point of the accident could even be seen from any point which any of the defendant's agents had visited prior to the accident. It is contended by plaintiff in this connection, that the agent of defendant who knew that silt and coal refuse, when piled in substantial quantities, will catch fire, was charged with knowledge that the WPA crew, in cleaning out the creek, would pile the coal refuse in such manner as to create a dangerous condition.

On the trial of the cause, the court refused to direct a verdict as to the two counts of the complaint. A special interrogatory which was submitted to the jury, "Was the injury to Theodore Rosenberger caused by the wilful and wanton misconduct of the Consolidated Coal Company?" was answered by the jury "Yes," and it likewise returned a verdict for the plaintiff for $10,000. The defendant's motions for judgment notwithstanding the verdict and to set aside the special finding of the jury, and for a new trial, were denied by the court below. A motion in arrest of judgment was, likewise, denied and judgment was entered by plaintiff on the verdict. The defendant contends that the court erred in refusing to direct the jury to return a verdict for the defendant as to each count of the com-

plaint at the close of all of the evidence, and in refusing to grant defendant's motion for judgment notwithstanding the verdict, as well as in refusing to set aside the special finding of the jury. Errors in the failure to allow the motions for new trial, and in arrest of judgment, and in the giving of instructions, and based upon the amount of the verdict, are likewise urged by defendant.

As we have indicated in the statement of facts above, there is no evidence to indicate that the defendant, or any of its employees, were responsible for the piling of the coal, slack, or gob, on the ground at the point of the accident, and similarly, there is no evidence that the defendant knew that the gob, or slack, had been piled there by the WPA crew, which included the plaintiff, and there was, additionally, no evidence that the defendant knew that such slack was burning. Viewing the evidence most favorably towards the plaintiff, we have not been able, on an examination of the entire record, to find any evidence of neglect, much less "wilful and wanton misconduct" on part of the defendant which would justify sustaining a verdict in favor of plaintiff, under the facts in this case. The evidence does not indicate that the defendant directed the manner in which the WPA crew was doing its work, or even the place of the work, and it likewise did not indicate that the work was done at defendant's request. The record clearly discloses, however, that neither defendant nor its employees, knew that coal silt in dangerous quantities had been piled at the place where plaintiff fell through the pathway. More silt had apparently been thrown at that point than at any other point along the embankment. This was indicated by the fact that it was the only area where any fire had been burning, and also by the scientific evidence to the effect that coal slack tends to catch fire where great quantities of the slack are collected. The record shows that nothing could be detected from the surface of the pathway to indicate that the fire existed and that

the fire was only discovered as the result of plaintiff's unfortunate accident.

There has been some confusion demonstrated in a brief presented in this court, which seeks to draw a parallel between the instant case, and the cases of *McDaniels v. Terminal R. Ass'n of St. Louis,* 302 Ill. App. 332, and *Bernier v. Illinois Cent. R.,* 296 Ill. 464. Neither of those cases resembled the instant case from a factual standpoint, and the matters discussed in those cases are not applicable to the facts before us in this case. As we have indicated, there is a complete absence in the instant case of any showing of facts which would give rise to a duty on part of defendant, that is, no showing of any knowledge that the coal slack had been piled at the point where plaintiff sustained his injury. There is, likewise, no evidence of neglect, either through the doing of an affirmative act, or through the omission on part of defendant to do any act which would have been required of defendant, under the facts, in view of the fact that the record shows that defendant knew nothing of the hazardous condition, until after the accident occurred.

In the case of *Moore v. Ohio Oil Co.,* 241 Ill. App. 388, this court said, at page 390:

"The view founded in natural justice which has the approval of many Courts is, that when a land owner has knowingly permitted licensees to use a well-defined path or roadway across his premises for some time, he should not, by any affirmative act, make the roadway more dangerous for such licensees, without giving them notice of the change of condition, and if he fails to give notice of the fact that he has made the way more dangerous, he will be held to respond in damages for the resulting injury (20 A. L. R. 202, note; *Corby v. Hill,* 4 C. B. N. S. 556; *Morrison v. Carpenter,* 179 Mich. 207, 146 N. W. 106; *Sages, Adm'r. v. Creech Coal Co.,* 194 Ky. 415, 240 S. W. 42; *John v. Reick-McJunkin Dairy Co.,* 281 Pa. St. 543, 127 Atl. 143)."

As was indicated in the case of *Moore v. Ohio Oil*

*Co., supra,* where a well-defined path has been used openly and continuously, an owner may not interfere with the pathway, or make it more dangerous, without giving notice to the users of the pathway, or without guarding a dangerous place so made.

It is contended by the plaintiff that there was an affirmative act in the instant case, that is, the piling of the slack or gob which would ignite by spontaneous combustion, on or near the pathway, and that although the piling of this gob was not the act of the defendant, the fact that, through its agent, it might have known that the hazard was being created, impliedly constituted it as being created with defendant's knowledge, acquiescence, and consent. We have examined the record, and do not believe that plaintiff's contention is borne out by the evidence which indicates that neither defendant, nor its agent, either knew or should have known that the coal, slack, or gob, was piled in a dangerous manner by the WPA crew. Whether plaintiff be characterized as a trespasser or licensee, under the facts in the instant case, there is, as we have indicated, no evidence of negligence on part of defendant, and certainly no evidence of wilfulness or wantonness. From the state of the record the court below should, therefore, have directed a verdict for the defendant on each of the counts of the complaint.

The judgment of the circuit court of Williamson county will, therefore, be reversed, and judgment will be entered in this court in favor of defendant, and in bar of plaintiff's cause of action.

*Reversed, and judgment in bar in this court.*