LUCILLE PARSONS, Appellant, v. H. L. GREEN
COMPANY, INC., Appellee.

No. 46261.

JUNE 15, 1943.

Royal & Royal, of Des Moines, for appellant.

Hallagan, Fountain, Steward & Cless, of Des Moines, for appellee.

HALE, J.—Plaintiff in her petition alleges that on November 11, 1940, she was injured by falling on the stairway leading from the first floor of defendant's store to the basement, which stairway was slippery and unsafe by reason of water, slush, snow, and mud allowed to collect thereon by defendant's agents and employees, which condition was known, or should have been known, to defendant. Defendant in its answer made general denial.

About 2:30 in the afternoon on the day of the severe Armistice Day storm, which began about 11:30 in the morning, the plaintiff came to the business section in Des Moines from her home on East Eighteenth Street. The wind was blowing,

it was snowing, and the day was stormy and cold, though not freezing. The streets were slushy and the snow was wet. This condition continued practically all day. About 4:30 in the afternoon plaintiff went into the entrance of defendant's store, known as the F. & W. Grand Store. In the front of the store is a stairway starting near the door and leading from the floor on the street level to the basement. The plaintiff, after entering the front door, angled a little to the right, spoke to a friend near by, and went down the stairs, steadying herself with her hand on the railing on the east side of the stairway. The stairs were of cement with small pieces of tiling in them and were smooth. Plaintiff was carrying a sack of groceries in her left arm and her purse in her right hand. There is testimony that the stairs were slushy and wet and that soft snow had packed thereon, which made the steps wet and muddy. There was also testimony that about halfway down the steps plaintiff slipped, fell, and was injured.

At the close of the plaintiff's evidence defendant moved for a directed verdict on the grounds of lack of evidence of negligence and of proximate cause by any act, omission, or breach of duty by defendant; that there was no showing that the condition of the steps on the day in question was the fault or with the knowledge of defendant a sufficient time before the injuries for it to have an opportunity to remove or remedy the condition; of failure to show lack of contributory negligence, and that the evidence established the guilt of plaintiff's contributory negligence as a matter of law. The court sustained the motion, dismissed plaintiff's petition and entered judgment. From such ruling and order plaintiff appeals.

I. Plaintiff in her argument alleges, first, that she was an invitee, and second, that defendant was guilty of negligence in permitting conditions to exist which imperiled the safety of those coming upon the premises as such invitees; and, as owner, defendant was under the duty of providing for such invitees a place reasonably safe for their intended use. Defendant, while not so admitting, but assuming, that plaintiff was an invitee and that her fall was caused by an accumulation of snow and slush, claims, however, that said defendant did not breach its duty, and argues that the jury could not have

found from the evidence that plaintiff's injuries were proximately caused by any negligence of the defendant or that said defendant breached or violated any duty owing to the plaintiff.

Plaintiff cites, in support of her second proposition, Upp v. Darner, 150 Iowa 403, 130 N. W. 409, 32 L. R. A., N. S., 743, Ann. Cas. 1912D, 574, which relates to injuries from a barbed-wire fence around defendant's property, and holds that the duty to an invitee is to exercise ordinary care and prudence to render the premises reasonably safe for the visit. To the same effect is Noyes v. Des Moines Club, 178 Iowa 815, 160 N. W. 215, involving injuries by falling down an unguarded elevator shaft, and holding that, while not an insurer, one whose negligence allows conditions to exist, the existence of which imperils the safety of invitees, is guilty of negligence in not exercising reasonable care to see that the premises are reasonably safe. The same rule is announced in Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N. W. 665, where the action was for injuries from an open stairway, and it is there said that the inviter is not an insurer of the invitee's safety, but rather it is incumbent upon the former to exercise ordinary and reasonable care in order that the latter will not be injured. This we may take to be the rule.

Other cases cited by plaintiff are Kennedy v. Phillips, 319 Mo. 573, 5 S. W. 2d 33, which also relates to injuries sustained in an unguarded elevator shaft, and Hatfield v. Levy Bros., 18 Cal. 2d 798, 117 P. 2d 841, an action for injuries to a customer falling on a floor in a store which was allegedly excessively waxed. None of the cases cited by plaintiff is similar in its facts to the case at bar but all relate to conditions on the premises which were or must have been known to the persons who extended the implied invitations and who were responsible therefor. They do not involve the question here considered, which is: Under the conditions shown by the evidence, was there on defendant's part such a breach of duty to exercise this ordinary care as would constitute negligence? Did defendant exercise the requisite reasonable care to see that the premises were reasonably safe? The only evidence as to the condition of the steps is the statement of plaintiff that "there was

water and slush on the steps," and that of a witness for the plaintiff, Mattie Carter, who testified, "they looked wet, to me slushy and wet." But assuming, as does the defendant, that the jury could have found that because of this wet and slushy condition plaintiff slipped and fell, would such condition of the steps constitute negligence? The evidence shows, and it is a matter of common knowledge, that the Armistice Day storm of 1940 was one of almost unprecedented violence for the season. Wind, cold, and snow contributed to unusually severe conditions. Plaintiff had been in the storm, engaged in shopping, since 2:30 in the afternoon. There was no evidence that the stairway was not well lighted, that it was steep, narrow, or otherwise dangerous in its construction; or how long this slush had remained on the steps. In a store open for customers, under such weather conditions the tracking in and accumulation of snow and slush cannot be avoided. Such condition is temporary and not a permanent dangerous structural defect as in most of the cases where recovery has been held. We cannot say that a failure to follow and remove immediately every deposit of snow that is brought into a building can reasonably be held to be a breach of duty which the inviter owes to an invitee and so constitutes negligence. Such is not the holding of the courts where this question has arisen. To so require would demand an exercise of such extraordinary care as to be unreasonable.

Cases cited by defendant sustain this view and follow the general rule as to situations such as are here shown to have existed, temporary in character and produced by agencies over which the inviter had no control. See Bodine v. Goerke Co., 102 N. J. Law 642, 133 A. 295; Halle Bros. Co. v. Ralls, 19 Ohio App. 427; Miller v. Gimbel Bros., 262 N. Y. 107, 186 N. E. 410; Bell v. Great Atlantic & Pacific Tea Co., 288 Pa. 160, 135 A. 607; Sears, Roebuck & Co. v. Johnson, 10 Cir., Okla., 91 F. 2d 332; S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132. All of these cases were for injuries from slippery floors occasioned by weather conditions.

As said in the case of Miller v. Gimbel Bros., supra, at page 108 of 262 N. Y., page 410 of 186 N. E.; and cited in Sears, Roebuck & Co. v. Johnson, supra:

"The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions."

No such inherently dangerous condition is shown in the case at bar, nor is there such actual or constructive notice as is required to hold defendant liable. In order that there shall be liability, there must be some evidence of notice of the existing condition, either actual or constructive, and in such time that the defendant, in the exercise of ordinary care, could have remedied it. Snipps v. Minneapolis & St. L. R. Co., 164 Iowa 530, 146 N. W. 468, and cases cited. No evidence of such knowledge appears in the record.

The general rule is stated in 38 Am. Jur. 757, section 97, as follows:

"The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. The owner is liable to invited persons for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.' "

There is no such showing here of negligence as would authorize the submission of such question to the jury.

Since we find there is no sufficient showing of negligence, it is unnecessary to discuss the question of contributory negligence which is argued by counsel.

We are satisfied under the facts of this case there could be no recovery and the court was right in sustaining defendant's motion for directed verdict.—Affirmed.

GARFIELD, C. J., and MILLER, MANTZ, SMITH, WENNERSTRUM, BLISS, and OLIVER, JJ., concur.