JENNIE MOLARELLI *vs.* HAYES-BICKFORD LUNCH SYSTEM. November 27, 1946. Exceptions overruled. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff. A verdict for the defendant was directed and the plaintiff excepted. There was no error. There was the following evidence: The plaintiff, a business visitor, was entering the defendant's place of business through an entrance consisting of a revolving door. As she started through the revolving door, she was the only one entering or leaving by that door. The revolving door consisted of about five or six sections. As the plaintiff was entering and was between two partitions of the revolving door, "she heard a big noise and something snapped." The rear partition of the section in which she was came forward, striking her and catching her between the rear and front partitions of the section she was in. At the time of the accident, the front partition of the section the plaintiff was in had not yet reached the opening into the store. As a result of the partitions coming together, the plaintiff was injured. After she released herself from the section of the revolving door, "she noticed about a half dozen men trying to fix the revolving door and trying to separate the partitions and pin them to-

gether." The plaintiff "remained on the defendant's premises for about an hour requesting assistance." The evidence in the case did not warrant a verdict for the plaintiff. Any unsafe condition of the revolving door or of the defendant's premises was not shown to have been caused by negligence of the defendant or to have existed so long that the defendant should have discovered it. The mere fact of the happening of the accident did not warrant a finding that the defendant was negligent. See *Hymoff* v. *Conrad & Co. Inc.* 317 Mass. 773, and cases cited.

*J. M. Poster*, for the plaintiff.

*B..A. Sugarman*, for the defendant.