[Civ. No. 13883. First Dist., Div. One. Jan. 10, 1949.]

MARSHALL M. TREMBLEY, Appellant, v. CAPITAL COMPANY (a Corporation) et al., Respondents.

Hildebrand, Bills & McLeod for Appellant.

Bronson, Bronson & McKinnon for Respondents.

BRAY, J.—Appeal by plaintiff from a judgment in favor of defendants after an order granting a nonsuit in an action for damages for personal injuries. The sole issue presented is the correctness of the court's order granting the nonsuit.

## Facts

Having in mind that this court must accept as true all evidence tending to establish plaintiff's case and reject all which tends to disprove it, and indulge every reasonable inference in favor of plaintiff (*Williamson* v. *Pacific Greyhound Lines,* 78 Cal.App.2d 482 [177 P.2d 977]), and that a nonsuit is proper where the evidence is of such a character as not to warrant a finding in plaintiff's favor (*Pacific Nat. Co.* v. *Southwest Finance Co.,* 4 Cal.App.2d 326 [40 P.2d 862]), it is necessary to examine the facts in the case to see if there is any evidence, or any reasonable inferences therefrom, which would support a verdict in favor of plaintiff.

Defendant Capital Company operates, and defendant Murphy manages, the Shaw Hotel in San Francisco. On November 1, 1945, plaintiff was a paying guest in room 422, which room he had occupied for a month. Connected with his room there was a private bathroom containing a shower. The spray of the shower leaked constantly over that period, and he had complained about it to the maid almost daily. He could not shut the water completely off. In order to turn it off, plaintiff was required to use more force than was usually necessary to shut off a shower. On the day of the accident, plaintiff used the amount of force he had been accustomed to using under the leaking conditions; the porcelain handle crumbled in his hand, exposing the iron core of the handle, which made a severe gash in his wrist, severing the ulnar nerve and inflicting a serious injury.

Prior to the accident, plaintiff had never observed anything cracked or broken about the porcelain handle. Immediately after the accident, he observed the iron core of the handle. It was covered with rust clear back to the hilt, and there was rust on a part of the hilt that had not been covered with porcelain.

Witness Gaynor examined the fixture the same day and found the core or bar quite rusty and rust on the portion of the bar that had not been covered with porcelain. Defendant Murphy, manager of the hotel, told the witness "there was about four or five of these fixtures left in the hotel and that he had requested the management to change them or that they might have some trouble with them."

The most that can be said of the case at bar is that defendants maintained a shower which leaked at the spray, of which leak the defendants had notice through plaintiff's complaints to the maid; also, from Murphy's statement con-

cerning the possibility of trouble with the few porcelain shower handles still in use, a reasonable inference may be drawn that defendants knew that that type of handle did occasionally break. There is no causal connection shown in any way between the leaky spray and the crumbling of the porcelain portion of the handle below it. Although the iron core was rusty, presumably from the leaking water dropping on it, and rust extended inside the porcelain covering, there is no evidence whatsoever that that had anything to do with the porcelain crumbling, or that either a rusty core, or water between the core and the porcelain, would cause the latter to crumble.

Assuming from Murphy's statement that defendants knew that other handles had broken, that is no proof that the handle on plaintiff's shower was defective. ■ As said in *Daulton* v. *Williams*, 81 Cal.App.2d 70, at page 72 [183 P.2d 325], "It is a matter of common knowledge that some porcelain handles on faucets are without defects after twenty-five or thirty years although others fail in less time."

■ It is the duty of a hotelkeeper to use reasonable care to keep the premises in a safe condition for guests, and to make reasonable inspection. (*Adams* v. *Dow Hotel*, 25 Cal.App.2d 51 [76 P.2d 210].) "But this duty does not obtain in cases where the injury to the invitee was due to a patent defect . . ." (*Goldstein* v. *Healy*, 187 Cal. 206, 211 [201 P. 462]), or to a latent defect of which he had no knowledge or which could not have been discovered by reasonable inspection. (*Adams* v. *Dow Hotel, supra.*) ■ Applying the principles set forth in the above cases, we are faced by certain conclusions: (1) Plaintiff was familiar with the fact that the shower leaked. This was a patent defect, and therefore cannot be the basis of holding defendants liable. (2) The defect in the handle was not known to plaintiff. In order to hold defendants liable for the injury caused by this defect, plaintiff must show that: (a) defendants failed to exercise due care in examining for defects and that if they had exercised due care they would have discovered the defect; or (b) defendants knew of the defect and failed to remedy it or warn plaintiff of it. There is no evidence to show that an inspection of the handle would have shown any defect in it. Plaintiff had observed the handle daily for a month and had noticed no defect. The fact that the bar was rusty or that there was rust on the hilt is far short of a showing that the porcelain handle was faulty or would crumble if pressed with force.

While the defendants were under the duty of making reasonable inspections (*Adams* v. *Dow Hotel, supra*) there is no evidence in this case to show that such inspections would have discovered whatever condition it was that caused the handle to crumble. As said in *Reinhard* v. *Lawrence Warehouse Co.*, 41 Cal.App.2d 741 [107 P.2d 501], there is no liability on the owner for injuries to an invitee from a hidden defect which could not have been discovered, either by reasonable care or reasonable inspection.

As said in *Owen* v. *Beauchamp*, 66 Cal.App.2d 750, 753 [152 P.2d 756]: ''Where there is evidence that the dangerous condition existed and that invitor had caused it or should have known of its presence by reason of the lapse of time, then the fact of liability is to be determined from all of the evidence. But in the absence of such proof it is the duty of the court to direct a verdict for the defendant.'' In our case there was no evidence that there was any defect in the porcelain handle, or that defendants caused such defect, if any there was. Nor is there any evidence that defendants knew or should have known of it. There is no relationship between a leaking spray and the shower handle below it.

Because there was no evidence as to what caused the handle to crumble, or that it was defective, and if so, that such defect was known to the defendants, or by reasonable inspection could have been discovered, the motion for nonsuit was properly granted.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.