ELSIE OELSCHLAEGER AND WALTER OELSCHLAEGER, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. HAHNE & COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued June 13, 1949—Decided June 30, 1949.

*Mr. Perry E. Belfatto* argued the cause for the plaintiffs-appellants.

*Mr. William F. Little, Jr.* (*Mr. John W. Taylor,* attorney) argued the cause for the defendant-respondent.

The opinion of the court was delivered by

ACKERSON, J. The plaintiff, Elsie Oelschlaeger, sues for damages alleged to have been sustained when she fell over a stool in the shoe department of the defendant's store. Her husband joins *per quod.* After the completion of the plaintiffs' evidence, the trial court dismissed the action on defendant's motion, pursuant to *Rule* 3:41-2, whereupon plaintiffs appealed the judgment entered thereon to the Appellate Division of the Superior Court. We then certified the cause on our own motion, pursuant to *Rule* 1:5-1, to aid in the completion of the Appellate list before the summer recess.

The plaintiff, Elsie. Oelschlaeger, was the only witness who testified concerning the occurrence in question. She testified that she had purchased a robe in another part of defendant's store and then proceeded to the shoe and slipper department for the purpose of purchasing a pair of slippers for her daughter-in-law to be. She walked down an aisle in this department and turned off into a space where slippers were being exhibited in a glass show case. This case was six or seven feet away from the area where chairs were placed for the use of customers while being fitted for shoes by salespeople who, while so engaged, sat on stools immediately in front of the chairs.

There were no stools in the area occupied by the show case, which also served as a counter, and no customers were near this counter as she approached it. She purchased a pair of slippers from the clerk who was behind the counter and during the "few minutes" which this took, several other customers assembled about the counter. The clerk wrapped the slippers in a box, and, while she was doing so, Mrs. Oelschlaeger stood "at the end of the counter and looked around." She saw people sitting on the chairs in the area where the fitting was being done, but no one was being fitted close to the counter where she stood. She also saw a salesman get up from his stool and walk away after fitting a customer. Evidently in so doing he did not move the stool or she would have noticed it and referred to it in her testimony.

The slippers she had purchased were handed to her by the clerk, who had not at any time come out from behind the counter, and Mrs. Oelschlaeger said "As I turned away from the counter I took one step. * * * I don't recall whether I turned right or left, but I wasn't able to take a second step when I fell over the foot stool."

The question before us is whether or not in this posture of the evidence the trial court erred in dismissing the plaintiffs' case on the ground that a *prima facie* showing of negligence had not been made out against the defendant.

In the absence of any direct evidence as to who placed the stool in its dangerous position, we are asked to infer that it was one of the defendant's employees whose

negligence in so doing would be attributable to the defendant under the doctrine· of *respondeat superior*. However, from the proofs before us, it is just as reasonable to infer that it was done by one of the several customers who followed Mrs. Oelschlaeger to the show case, as it is to assume that because the stool was a part of the equipment of the store it must have been placed where it was by one of the defendant's employees. "The mere showing of an accident causing the injuries sued for is not alone sufficient to authorize an inference of negligence. Negligence is a fact which must be shown. It will not be presumed." *Church v. Diffany*, 124 *N. J. L.* 100, 104 (*E. & A.* 1939). We cannot presume it here.

Nor are we impressed by the appellant's attempted invocation of the doctrine of *res ipsa loquitur*. This doctrine is applicable only when the thing shown bespeaks defendant's negligence, not merely the happening of the accident. *Coyne v. Mutual Grocery Co., Inc.*, 116 *N. J. L.* 36 (*Sup. Ct.* 1935); *Thompson v. Giant Tiger Corp.*, 118 *Id.* 10, 13 (*E. & A.* 1937); *Garland v. Furst Store*, 93 *Id.* 127, 132 (*E. & A.* 1919). The doctrine only applies where the direct cause of the accident and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control of the defendant, its agents or employees, at the time thereof. *Den Braven v. Meyer Bros.*, 1 *N. J.* 470 (*Sup. Ct.* 1949); *Cicero v. Nelson Transportation Co.*, 129 *N. J. L.* 493, 495 (*Sup. Ct.* 1943); *Conover v. D., L. & W. Ry. Co.*, 92 *Id.* 602, 604 (*E. & A.* 1919); *Reardon v. Boston Elevated Ry. Co.*, 247 *Mass.* 124, 141 *N. E.* 857 (*Sup. Jud. Ct., Mass.* 1923); 38 *Am. Jur.* (*Negligence*), § 300, *p.* 996. There has been no proof in the instant case that any employee of the defendant moved the stool. Any one in the store, a customer, or a child accompanying a customer, might have done so.

The instant case finds a close parallel in *Sherlock v. Strouss Hirshberg Co.*, 132 *Ohio St.* 35, 4 *N. E.* 2d 912 (*Sup. Ct., Ohio* 1936). There the plaintiff stumbled over a sewing stool in an aisle near the sewing and threat counter. There was no proof as to who placed the stool there or how long it had

been there. Plaintiff argued that she had proven a *prima facie* case of negligence, or, at least, one involving the doctrine of *res ipsa loquitur*. The Supreme Court of Ohio held otherwise stating "If it is just as reasonable to infer that a customer, * * * placed the stool in the aisle, as it is to infer that defendant, its servants, or employees placed it there, then plaintiff cannot invoke the doctrine of *res ipsa loquitur* and she must fail in this action." *Cf. Taylor v. Roth,* 102 *N. J. L.* 702, 703 (*E. & A.* 1926).

■ On the other hand if it be assumed that the stool was moved into the position in question by some one other than a servant or employee of the defendant, the latter would not be liable on the theory of having negligently failed to maintain its store in a reasonably safe condition for the safety of its customers, for the reason that the requisite notice of such condition was not brought home to the defendant. The pertinent rule was thus expressed in *Coyne v. Mutual Grocery Co., supra,* at *p.* 38:

"Generally, the condition which results in injury · must either (a) have been, in fact, brought to the previous notice of the store operator, or, failing proof of actual notice, (b) have existed for so long a time as to be, in the exercise of reasonable care, discoverable and remediable before the occurrence of the injury. In the absence of such proof, the legal presumption of due care obtains."

See, also, *Thompson v. Giant Tiger Corp., supra,* at *p.* 13.

■ In the absence of any evidence showing that the defendant, acting through one of its employees, placed the stool in the position where Mrs. Oelschlaeger fell over it, and, it appearing from the plaintiff's own testimony that the condition had existed for a very short time, and so was not discoverable or remediable before the occurrence of the injury in the exercise of reasonable care, the plaintiffs have not made out a *prima facie* case of negligence. *Cf. Schnatlerer v. Bamberger,* 81 *N. J. L.* 558 (*E. & A.* 1910) and *Taylor v. Roth, supra.*

The cases cited by the plaintiffs do not support their contentions. These cases are *Kappertz v. The Jerseyman,* 98 *N. J. L.* 836 (*E. & A.* 1923); *Hussey v. Giant Tiger Corp.,*

119 *Id.* 519 (*E. & A.* 1937); *Finnegan v. The Goerke Co.*, 106 *Id.* 59 (*E. & A.* 1929), and *Sears, Roebuck v. Peterson,* 76 *Fed.* 2d 243 (*C. C. A.* 8 1935). In all of these cases there was evidence indicating that the defendant had created the condition complained of, or was legally chargeable with notice thereof. In the case *sub judice* such evidence is lacking. ·The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.