John D. Schafer, appellant, v. Hotel Martin Company, appellee.

No. 49365.

(Reported in 89 N.W.2d 373)

April 9, 1958.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Steward, Crouch & Kelly, of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff sought damages by reason of injuries sustained while a guest in defendant's hotel. Upon trial and at the close of plaintiff's evidence a verdict was directed by the trial court in favor of the defendant on the grounds there was no proof of negligence and the plaintiff was guilty of contributory negligence. During the presentation of the evidence the court sustained objections to the admission of an ordinance of the City of Des Moines relative to housing regulations. By reason of the rulings made the plaintiff has appealed.

On January 15, 1956, the plaintiff, then approximately 85 years of age, registered as a guest at the Martin Hotel in Des Moines. He was assigned a room on the second floor which did not have toilet facilities. He had previously been a guest in the hotel and had occupied the same room assigned him on the occasion he received his injuries. Sometime during the early morning of January 16, plaintiff had occasion to go to the rest room which adjoined his room. The hallway was lighted. As he went into the rest room plaintiff was dressed only in his pajamas. He wore no slippers. He turned on the light as he entered the room. When he stepped into it he discovered there was water covering the floor. He proceeded further and observed the lid was off the toilet tank and water was running out of it as well as the stool. He walked to the place where the tank and stool were located and endeavored to stop the flow of water which he was unable to do. In his testimony he stated as he started to leave the room he observed the wet ledge of the threshold and that the light from the bathroom shone down on it. Plaintiff slipped and fell at the threshold and received the injuries for which he sought recovery.

I. The trial court, in sustaining the motion for directed verdict, ruled there had been no showing the claimed dangerous condition in the rest room had been brought to the attention of the defendant or had existed for such a length of time as to create an inference the defendant should have known about the existing condition. It is the claim of the plaintiff there is no basis for such a conclusion and ruling.

From the foregoing statement it is apparent the primary question for our determination is what, if any, knowledge the defendant had of the conditions existing in the rest room which it is claimed resulted in the injuries to the plaintiff. He calls our attention to certain facts from which it is claimed the defendant, in the exercise of due care, should have gained knowledge of the conditions which existed and corrected them. Our attention is called to the fact the plaintiff testified the day before he was hurt he first observed there was no lid on the tank. We are also reminded of the fact the plaintiff testified when he returned to the hotel the evening prior to the accident he heard a pounding sound in the plumbing in the rest room. Concerning the incidents that happened at or immediately following the time the plaintiff fell, he testified that after he tried to fix the toilet: "I turned and went to the door."

The record then discloses the following questions and answers: "Q. Did you reach the door? A. Yes. Q. Did you step down from the rest room to the floor of the hall? A. Well, I was at the door when I fell. I couldn't say—I was standing on the threshold, I would say. Q. At that time do you know whether there was any water on the threshold or just outside the threshold? A. I didn't notice that. I didn't notice any on the outside. Q. Do you remember falling? A. Yes. Q. What is the first thing you remember after you fell? A. Well, I guess the first thing I remember was laying in water. Q. And where were you lying? A. Just in front of the bathroom door. Q. And there was water on that floor? A. Yes. The water I believe was running down the stairway. My feet were hanging down the stairway. Q. That is the stairway which goes down to the first floor? A. Yes."

The plaintiff further testified in response to questions, as follows: "Q. Well, after you fell will you tell us again what is

the first thing you remember after that? A. Well, I remember trying to get up, and failed. I tried to get up and couldn't move. Q. Was anyone there at that time with you? A. What is that? Q. Was anyone present at that time? A. No, No. Q. Did you make any sound? A. I called for help. Q. Did help come? A. Just then, I don't know whether he heard me or not, but he came around the corner just at that time. Q. Do you know who it was came around the corner? A. No, I don't know who it was."

It is the further contention of the plaintiff the hotel clerk should have been aware of the water running down the open stairway near his desk and hence should have investigated and discovered the overflowing toilet. In connection with this contention, attention should be called to the fact there is no evidence that anyone connected with the hotel observed water running down the open stairway. And there is no evidence to show that any clerk who might have been on duty at that time was in a position to observe any water which may have come down the stairway and onto the lobby floor.

The general rule relative to the liability of an owner to an invitee for negligence is set forth in 38 Am. Jur., Negligence, section 97, page 757, "The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. The owner is liable to invited persons for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.' "

A further comment concerning the rule of law relative to the necessity of knowledge of a defendant of a defective or dangerous condition to establish liability is set forth in 65 C. J. S., Negligence, section 270, pages 1204, 1205, as follows: "* * * Where there is no evidence, or insufficient evidence, to charge defendant with knowledge of the defective or dangerous

condition, the question of his knowledge of it, or, it has been held, of defendant's liability, should not be submitted to the jury."

In the case of Parsons v. H. L. Green Co., Inc., 233 Iowa 648, 652, 10 N.W.2d 40, 42, this court gave consideration to the liability of the operator of a store to an invitee, where such person was injured by reason of a fall resulting from snow brought in and onto an inside stairway. We there said: "* * * In order that there shall be liability, there must be some evidence of notice of the existing condition, either actual or constructive, and in such time that the defendant, in the exercise of ordinary care, could have remedied it. Snipps v. Minneapolis & St. L. R. Co., 164 Iowa 530, 146 N.W. 468, and cases cited. No evidence of such knowledge appears in the record."

The above case was followed in principle in the case of Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 942, 943, 57 N.W.2d 225.

Attention is particularly called to our recent case of Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252, wherein we commented upon the question here considered.

In the case of Crawford v. Pacific States Savings & Loan Co., 22 Cal. App.2d 448, 71 P.2d 333, that court commented on the liability of a hotel or innkeeper to an invitee who sought damages for an injury resulting from slipping on a quantity of water on a lavatory floor. In the cited case there was no evidence the owner of the hotel had actual knowledge of such condition or that it had existed for such a length of time the defendant should have known of it. Recovery was denied.

A further case bearing on the question of the necessity of a showing of knowledge on the part of representatives of a hotel of conditions claimed to have caused an injury is that of Goldman v. Hollywood Beach Hotel Co., Court of Appeals, 5 Cir., Fla., 244 F.2d 413. In the cited case a directed verdict for the defendant was approved.

Additional cases bearing on the failure to show a defendant had knowledge of claimed negligence are: Kramer v. Mills Lbr. Co., Court of Appeals, 8 Cir., Mo., 24 F.2d 313, 316, 60 A. L. R. 366; F. W. Woolworth Co. v. Carriker, Court of Appeals, 8 Cir., Mo., 107 F.2d 689, 693; Wells v. Citizens National Bank

of Collingswood, 15 N. J. Misc. 413, 192 A. 91, 92; Trembley v. Capital Co. (a hotel case), 89 Cal. App.2d 606, 201 P.2d 398, 400; Rossberg v. Montgomery Ward & Co., 110 Mont. 154, 99 P.2d 979, 985; Lee v. Meier & Frank Co., 166 Ore. 600, 114 P.2d 136, 138; Morgan v. American Meat Co., Ohio App., 46 N.E.2d 669, 672; Rosenberger v. Consolidated Coal Co., 318 Ill. App. 8, 47 N.E.2d 491, 493; Wyman v. McLellan Stores Co., 315 Mass. 117, 51 N.E.2d 969, 970; Beach v. S. S. Kresge Co., 302 Mass. 544, 20 N.E.2d 409, 410; Molarelli v. Hayes-Bickford Lunch System, 320 Mass. 763, 70 N.E.2d 801; Carpenter v. Herpolsheimer's Co., 278 Mich. 697, 271 N.W. 575; Filipowicz v. S. S. Kresge Co., 281 Mich. 90, 274 N.W. 721, 723; Gaffron v. Prudential Life Ins. Co., 238 Mo. App. 749, 187 S.W.2d 41, 47; Clayton v. May Department Stores Co., Mo. App., 184 S.W.2d 735, 739; Bosler v. Steiden Stores, Inc., 297 Ky. 17, 178 S.W.2d 839, 841; Smith v. Safeway Stores, Inc., Tex. Civ. App., 167 S.W.2d 1044, 1046; State ex rel. Trading Post Co. v. Shain, Judge, 342 Mo. 588, 116 S.W.2d 99, 101; Oelschlaeger v. Hahne & Co., 2 N. J. 490, 66 A.2d 861, 863.

■ We have searched the record closely to ascertain whether there is any evidence which discloses any knowledge on the part of the defendant or its employees relative to the condition which it is claimed resulted in plaintiff's injuries. We have been unable to find such a showing. Nor do we feel there is any evidence from which an inference of negligence could be drawn.

"Where the breach of duty relied on is dependent on knowledge or notice, it is incumbent on plaintiff to establish defendant's knowledge or notice of the dangerous or defective condition causing the injury, or to prove facts on the basis of which the law will charge him with, or raise a presumption of, knowledge or notice, as that he caused or created the defect or danger, or should, in the exercise of reasonable care, have discovered it, as that the danger or defect existed for a sufficient time to be discovered in the exercise of due care. * * *." 65 C. J. S., Negligence, section 208, pages 968, 969.

See also Messner v. Red Owl Stores, Inc., 238 Minn. 411, 57 N.W.2d 659, 662.

■ The rule relative to the question whether the matter of knowledge is a fact question for a jury or of law for the court

is aptly commented upon in Bogdon v. Los Angeles & S. L. R. Co., 59 Utah 505, 516, 205 P. 571, 575, as follows: "* * * While ordinarily the question of whether a person knew, or ought to have known, of a particular fact is a question of fact for the jury, yet when, as here, there is no dispute concerning the facts, and there is absolutely nothing upon which such a finding or conclusion could be based, the question is one of law, * * *."

We have viewed the evidence in the light most favorable to the plaintiff, as is our duty. However, we cannot hold there is any evidence from which an inference could be drawn or a presumption raised of knowledge on the part of the defendant regarding the claimed negligence. Upon this ground alone the trial court was justified in directing a verdict for the defendant.

Our determination of the issue previously commented on makes it unnecessary to discuss the other claimed errors.—Affirmed.

PETERSON, C. J., and BLISS, HAYS, THOMPSON, and LARSON, JJ., concur.

SMITH, J., not sitting.

OLIVER and GARFIELD, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent. The record indicates the lid had been off the toilet tank since the day before plaintiff was injured. It is a fair inference it had been removed because the toilet was not operating properly, and by someone acting for defendant. It was not necessary that defendant have notice of the exact defect in the toilet which caused the overflow. See 17 A. L. R.2d 726, annotation.

GARFIELD, J., joins in this dissent.