Samuel **CONCA**, Plaintiff-Appellant,

v.

**NACIREMA OPERATING COMPANY,**
Inc., Defendant-Appellee.

No. 14641.

United States Court of Appeals
Third Circuit.

Argued March 5, 1964.

Decided March 18, 1964.

Jacob Rassner, New York City (Samuel M. Cole, Jersey City, N. J., on the brief), for appellant.

William L. Dill, Jr., Newark, N. J. (Stryker, Tams & Dill, Newark, N. J.,

James T. Clare, Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and LEAHY, District Judge.

PER CURIAM.

■■ In this common law negligence personal injury case, the trial court sustained the defense motion to dismiss the action on the ground that the plaintiff had failed to present any evidence from which negligence of the defendant might be reasonably inferred to have been a proximate cause of plaintiff's injuries. As the district judge found, plaintiff's attorney conceded that no affirmative evidence had been presented to support such an inference. Appellant relies solely on the doctrine of res ipsa loquitur. He refers to a number of decisions in this circuit which, inter alia, categorically hold as a sine qua non that the instrumentality must be exclusively controlled by the defendant. That is also the law of New Jersey where the accident happened. Grugan v. Shore Hotels, etc. Corp., 126 N.J.L. 257, 18 A.2d 29 (E & A 1941); Oelschlaeger v. Hahne & Co., 2 N.J. 490, 66 A.2d 861 (1949); Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 139 A.2d 404 (1958). The district court justifiably found under the evidence that:

"At the time of the accident there were not any Nacirema employees working in the area. The skid had been in the position from which it fell for at least a day or two before the accident. Its fall must have been caused by someone moving it or striking it or moving something against which it rested and that could not have been a Nacirema employee. The occurrence, therefore, does not bespeak negligence of Nacirema as its most likely cause. Further, the evidence was that although the skid, owned by American President Lines, was provided for the use of the defendant, Nacirema, during certain ship loading and unloading operations, it was sometimes moved from one location to another on the pier by persons other than Nacirema employees. There was a constant movement of vehicles, trucks, cranes, and high-lows on the pier operated by persons other than Nacirema employees. The skid, or at least the location of it on the American President Lines Pier, was not within such exclusive control of the defendant that it can be said that the fall of the skid and the injury caused thereby brings into operation the doctrine of res ipsa loquitur."

The judgment of the district court will be affirmed.