# STATE OF MICHIGAN

# COURT OF APPEALS

MARK J. SOULARD,

Plaintiff-Appellant,

v

REPUBLIC PARKING SYSTEM INC.,

Defendant-Appellee.

UNPUBLISHED
July 17, 2018

No. 337381
Washtenaw Circuit Court
LC No. 16-000070-NO

Before: RONAYNE KRAUSE, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

Mark Soulard slipped and fell on black ice in a parking lot owned by Republic Parking System Inc. The parties dispute whether the ice was open and obvious as a matter of law. We need not decide this question, as Soulard failed to establish a question of fact concerning Republic's notice that the ice had formed. We affirm.

I

We review the facts in the light most favorable to Soulard, as we must in reviewing a grant of summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Soulard drove to Ann Arbor on a February morning to accompany his sister to a medical appointment. He recalled that the roads were dry, and that it was not snowing or raining as they travelled. He parked his minivan on the ground floor of an enclosed, multilevel Republic parking structure. Although there was snow on the ground it was not deep, and Soulard believed that the sidewalks "were fairly clear."

After the appointment, Soulard and his sister and niece had dinner at an Indian restaurant. As they walked back to the parking garage, Soulard observed that it had become cold and snowy. "When we went into the restaurant, the weather was fine," he testified. "When we came out, it had turned." Soulard and his family were in the restaurant for approximately an hour. According to undisputed evidence presented by Republic, the temperature fell from 19 degrees at 5:53 p.m. to 8.1 degrees at 6:53 p.m., which was close to the time of Soulard's fall.

Soulard and his family entered the parking garage and walked directly toward Soulard's vehicle. The garage was "kind of dim," he recounted, but he saw no ice or snow. As he reached

-1-

the back of his minivan, Soulard slipped and fell hard on black ice, fracturing his leg. He recalled that the EMTs who responded to his sister's 911 call had difficulty negotiating the ice while attempting to maneuver him onto a gurney. Soulard admitted that he did not know whether Republic had any notice that ice had formed near his vehicle.

Republic moved for summary disposition under MCR 2.116(C)(10), arguing that the ice was open and obvious, that the garage lacked any special aspects, and that Republic had no notice of any icy conditions near Soulard's vehicle. The circuit court held that the ice was open and obvious, explaining that "[y]ou may not see it, you have to really use just really careful care[.]"

II

By definition, black ice is invisible. As the circuit court expressed, this means that it cannot be seen. The Supreme Court has held that when there are other indicators of ice in an area, such as snow on the ground or falling precipitation, such "wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection," rendering the ice open and obvious. *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010).

Viewed in the light most favorable to Soulard, there was no evidence of wintry conditions inside the parking garage where he fell. We decline to extend the *Sajewski* reasoning to an apparently clear and dry indoor environment. But while invisibility of the black ice enables Soulard to avoid summary disposition based on the open and obvious danger doctrine, it complicates an essential element of his case: that Republic knew or should have known of the ice and remedied it. The ice was not visible to Soulard, and there is no record evidence that it was visible to anyone else before Soulard fell. Nor does the record supply a reasonable inference that Republic should have detected the ice.

To establish a premises liability claim, an invitee such as Soulard must prove that the premises' owner breached its duty of care by failing to remedy or warn of a defect on the land. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Evidence that the premises' owner had actual or constructive notice of a dangerous condition is essential to a plaintiff's proof. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016). A defendant may "establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice." *Id*.

Notice may be actual or constructive. Soulard admitted that he had no evidence of actual notice and the record otherwise contains no such evidence, so we consider only whether Republic should have been on notice that black ice had formed around Soulard's vehicle. A premises possessor has constructive notice of a dangerous condition if the danger " 'is of such a character or has existed a sufficient length of time that he should have had knowledge of it.' " *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968), quoting *Carpenter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 575 (1937) (emphasis omitted).

Soulard has offered no evidence that Republic should have known of the patch of black ice. While Republic indisputably had an obligation to reasonably inspect its premises to look for

dangerous conditions (particularly on a cold day in February), the record is devoid of evidence that the black ice had existed for a sufficient time that Republic should have discovered it. The Supreme Court recently emphasized that it "has never required a defendant to present evidence of a routine or reasonable inspection under the instant circumstances to prove [its] lack of constructive notice of a dangerous condition on its property." *Lowrey*, 500 Mich at 10. And Soulard has not presented evidence that a routine inspection would have led to discovery in this case. Given the nature of the defect and the abrupt, dramatic change in climate conditions that occurred during the hour before Soulard fell, we are unable to reasonably infer that Republic should have detected and remedied the black ice before the accident.

We affirm.


/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Anica Letica