**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0989-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN JACKSON,

    Defendant-Appellant.

_____

Submitted February 4, 2026 – Decided February 18, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 85-10-0744.

Kevin Jackson, self-represented appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant Kevin Jackson appeals from an October 4, 2024 order denying reconsideration of a July 5, 2019 order denying his motion for resentencing. We affirm.

In a prior decision, we affirmed defendant's convictions after a jury trial on the charges of murder, attempted aggravated assault, and theft. State v. Kevin Jackson, No. A-2403-92 (App. Div. Feb. 29, 1996) (slip op. at 25), certif. denied, 145 N.J. 371 (1996). Defendant received a life sentence with a thirty-year period of parole ineligibility on the murder conviction; a ten-year sentence with a five-year period of parole ineligibility on the attempted aggravate assault conviction; and a five-year sentence on the theft conviction. Id. at 3. The sentences for attempted aggravated assault and theft were run concurrently. Ibid. The sentence for murder ran consecutive to the other sentences. Ibid. In addition to affirming the convictions, we affirmed the sentences imposed. Id. at 25.

Defendant then filed a series of unsuccessful petitions for post-conviction relief (PCR). See State v. Kevin Jackson, No. A-1052-00 (App. Div. Oct. 29, 2002),[1] certif. denied, 176 N.J. 428 (2003); State v. Kevin Jackson, No. A-6746-02 (App. Div. June 5, 2006) (slip op. at 1-2), certif. denied, 188

_____

[1] The Appellate Division issued a written supplemental opinion on January 3, 2003.

A-0989-24

N.J. 490 (2006); State v. Kevin Jackson, No. A-5346-13 (App. Div. Jan. 22, 2016) (slip op. at 1), certif. denied, 227 N.J. 122 (2016).

In December 2017, self-represented defendant filed a motion for resentencing in the trial court. The judge denied the motion in a July 5, 2019 order. Five years later, in 2024, defendant moved for reconsideration of the July 5, 2019 order. In an October 4, 2024 order, the judge denied reconsideration. Defendant appeals from that order.

On appeal, defendant raises the following arguments[2]:

POINT I

> DOES N.J.S.A. 2C:43-6 (SENTENCE OF IMPRISONMENT FOR CRIME; ORDINARY TERMS; MANDATORY TERMS.) APPL[Y] AS WELL TO APPELLANT['S] ILLEGAL IMPOSED LIFE SENTENCE AS PRESENTLY STANDS.

POINT II

> DOES NJ.S.A. 2C:43-7.2[](B) APPL[Y] AS WELL TO APPELLANT['S] ILLEGAL IMPOSED LIFE SENTENCE AS PRESENTLY STAND[S].

POINT III

> APPELLANT SUBMIT[S] THAT THE N.E.R.A. (NO EARLY RELEASED ACT) . . . SOLELY FOR THE PURPOSE OF CALCULATING APPELLANT'S ILLEGAL SENTENCE OF LIFE IMPRISONMENT,

---

[2] We recite defendant's arguments verbatim.

3

AS WAS IMPOSED, NONETHELESS, MUST/SHALL BE DEEMED TO BE 75 YEARS, TOO.

POINT IV

APPELLANT SUBMIT[S] THAT THE CHANGE OF HIS SENTENCE SEVERAL YEARS AGO WHERE THE COURT DID AGREE THAT IT WAS ILLEGAL AT THE TRIAL LEVEL AND CHANGED IT TO REFLECT FROM LIFE TO 99 YEARS (SEE ATTACHED AMENDED JOC (JUDGMENT OF CONVICTION)) AND THE COURT FAILED TO EXPLAIN ITS METHOD IN HOW IT CAME TO THE 99 YEARS NUMBER.

POINT V

APPELLANT CONCEDE[S] THAT THE WORDINGS MEAN WHAT THEY MEAN AND RESPONDENT HA[S] NO RIGHT TO CHANGE THEM, CONTRARY TO WHAT THE STATUTE MEANING INDICATES AND HAVE INDICATED SINCE THE ADOPTION OF THE 2C STATUTE FROM THE 2A STATUTE.

POINT VI

THE COURT'S BELOW CRYSTAL RULING THAT APPELLANT['S] STATE AND FEDERAL CONSTITUTIONAL RIGHTS ARE BEING/WAS VIOLATED CONTRARY TO THE EX POST FACTO DOCTRINE WITH THE FINES ARE JUST A CONCISE PICTURE OF HOW RESPONDENT TRULY BELIEVE THAT THEY COULD MANIPULATE THE RULE OF LAW AT THEIR WHIM.

A-0989-24

POINT VII

THE CHANGE OF APPELLANT'S LIFE SENTENCE TO 99 YEARS SEVERAL YEARS AGO, MUST BE ACKNOWLEDGE[D] AND HONORED BY RESPONDENT, THE CLASSIFICATION DEPARTMENT.

POINT VIII

THE AGE FACTOR MUST BE AFFORDED TO APPELLANT BECAUSE HE WAS 22 [AND] A HALF YEARS OLD AND THE EXPERT REPORT MUST BEING ACCEPTED DESPITE NEW JERSEY COURT'S BEING BEHIND TIME, IF YOU WILL, (EXPERT REPORT ATTACHED HERETO) AND, THE LOOK-BACK PROVISION MUST ALLOW APPELLANT A MERITORIOUS REVIEW OF HIS SENTENCE.

We review a trial judge's order denying reconsideration for abuse of discretion. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration is not warranted "merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Ibid. (quoting Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)).

Having reviewed the record and the extensive appellate history related to defendant's challenges to his convictions and sentence, we conclude his arguments are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2). Defendant's renewed challenges to his

5

convictions and sentence were raised and rejected in his prior post-conviction relief applications and prior appeals. Defendant's dissatisfaction with the judge's determination is not a basis for reconsideration. We add only the following comments.

Defendant's sentence on the murder charge comported with N.J.S.A. 2C:11-3(b) as he received a life sentence with a thirty-year period of parole ineligibility.[3] The sentence imposed in this case fell within the statutory range for a person convicted of first-degree murder. Because the sentence defendant received did not exceed the maximum penalty for murder and comported with the law both at the time defendant committed the murder and at the present time, his sentence is not illegal. See State v. Hyland, 452 N.J. Super. 372, 381 (App. Div. 2017).

We also reject defendant's argument regarding the period of parole ineligibility imposed. N.J.S.A. 2C:11-3(b) provides a person convicted of first-degree murder "shall serve [thirty] years before being eligible for parole." The No Early Release Act, N.J.S.A. 2C:43-7.2(b), provides "[s]olely for the purpose of calculating the minimum term of parole ineligibility . . . a sentence of life

---

[3] Defendant's other arguments regarding imposition of a life sentence were raised and rejected in a prior appeal. See State v. Kevin Jackson, No. A-5346-13, slip op. at 8-9.

6

imprisonment shall be deemed to be [seventy-five] years."  (Emphasis added). Contrary to defendant's argument, his sentence need not be modified to seventy-five years as the seventy-five-year period is used solely to calculate the minimum term of parole ineligibility.

Regarding defendant's argument that he is entitled to the return of the Victim Crime Compensation Board (VCCB) fines related to the second judgment of conviction after a retrial, the judge's written memorandum stated he would enter "an amended judgment of conviction reflecting the reduced VCCB penalty" but explained he took "no position on refunds."  An amended judgment of conviction was not included with the record on appeal to verify the reduction in the VCCB penalty.

We also reject defendant's sentencing argument based on his age at the time he committed the offenses.  In State v. Comer, our Supreme Court held "juveniles may petition the court to review their sentence after [twenty] years." 249 N.J. 359, 401 (2022).  Defendant, who was twenty-two-years old at the time he committed these crimes, argues he shares the same characteristics as juveniles and is entitled to review of his sentence under Comer.  We discern no support for defendant's argument based on our decision in State v. Jones, 478 N.J. Super. 532 (App. Div. 2024).

A-0989-24

We also reject defendant's claim that the statutory revision to mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14), providing for consideration of a defendant being under the age of twenty-six at the time of the offense, applies retroactively. The revision regarding mitigating factor fourteen is not retroactive. See State v. Lane, 251 N.J. 84, 96-97 (2022). Moreover, mitigating factor fourteen was enacted in 2020 and the crimes in this case occurred in 1985. Thus, N.J.S.A. 2C:44-1(b)(14) is inapplicable and reconsideration of resentencing is not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8 A-0989-24